[Civ. No. 45108. First Dist., Div. Two. Feb. 26, 1979.]

MITCHELL G. VEITCH, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Robert L. Mezzetti and M. Jean Starcevich for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Stan M. Helfman, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**TAYLOR, P. J.**—Petitioner, aggrieved by an order of respondent court rejecting his pleas of former judgment of acquittal (Pen. Code, § 1016, subd. 4) and once in jeopardy (Pen. Code, § 1016, subd. 5), petitioned this court for a writ of prohibition to prevent his retrial (*Gomez* v. *Superior Court* (1958) 50 Cal.2d 640, 653 [328 P.2d 976]). We summarily denied relief. Petitioner thereupon sought a hearing in the Supreme Court. The Supreme Court, by order dated November 24, 1978, granted the petition for hearing and directed this court to issue an alternative writ of prohibition.

On February 3, 1978, after a trial by jury, a verdict was rendered against petitioner finding him guilty of violations of California Penal Code sections 459 (burglary), 261, subdivisions 2, 3 (forcible rape and rape by threats), 459 (burglary), 220 (assault with intent to commit rape), 288a (forcible oral copulation), 264.1 (acting in concert), and 12022 (armed with a deadly weapon). On April 26, 1978, upon petitioner's application, respondent court granted a new trial pursuant to the provisions of Penal Code section 1181, subdivision 6, on the ground that the verdict was contrary to law and evidence, "further, on the grounds of insufficiency of the evidence to support the verdict." Thereafter, on June 14, 1978, the United States Supreme Court decided *Burks* v. *United States* (1978) 437 U.S. 1 [57 L.Ed.2d 1, 98 S.Ct. 2141] and *Greene* v. *Massey* (1978) 437 U.S. 19 [57 L.Ed.2d 15, 98 S.Ct. 2151]. *Burks* held that the double jeopardy clause precludes a second trial once a *reviewing court* has determined that the evidence introduced at trial was insufficient to sustain the verdict. *Greene* applied the standard announced in *Burks* to a Florida state court proceeding.

On July 31, 1978, after becoming aware of these new cases, petitioner filed a "Motion For Hearing On Special Defense Pleading Judgment of Acquittal Of Charges Pursuant to P.C. 1016 (3) Or Once In Jeopardy P.C.

1016(4) [*sic*]."[1] On August 24, 1978, the motion was argued and respondent court issued its opinion denying the motion on September 7, 1978.

Petitioner contends that *Burks* and *Greene* stand for the proposition that the double jeopardy clause precludes a second trial once a *trial court* has granted a motion for new trial on the ground of insufficiency of the evidence. Respondent court, after examining the comprehensive nature of California's statutory scheme relating to motions for judgment of acquittal and motions for new trial and the manner in which California practices differ from the practices employed in the federal courts and Florida, concluded that motions for new trial (Pen. Code, § 1181, subd. 6) may not be equated with motions for judgment of acquittal (Pen. Code, § 1118.1), and that to so hold would render impotent a valuable judicial tool, enacted for the protection of the accused. We agree.

■ A motion for new trial is a legislatively established procedure which may be invoked by any convicted defendant (*People* v. *Sarazzawski* (1945) 27 Cal.2d 7, 17 [161 P.2d 934]). ■ The power of a California trial court to hear and decide a motion for new trial in a criminal case is strictly limited to the authority granted by Penal Code section 1181 (*People* v. *Serrato* (1973) 9 Cal.3d 753, 760 [109 Cal.Rptr. 65, 512 P.2d 289]; *People* v. *Amer* (1907) 151 Cal. 303, 305 [90 P. 698]).[2]

■ "By case law it is established that the standard of review by a trial court acting under this section is different from the standard used by an appellate court under the same section. In ruling upon a motion for a new trial, the trial court is required to *independently weigh the evidence,* but an appellate court will not . . . set aside the verdict if there is any substantial evidence to support it. [Citations.]" (*People* v. *Serrato, supra,* p. 761; italics added.) ■ In *Serrato,* the Supreme Court, examining the consequences of ruling made under the authority of this section, concluded that "If the trial court, after hearing the motion under section 1181, grants a new trial upon the ground that the verdict is contrary to the evidence, *the decision is not an acquittal and is not a bar to a retrial for the offense of which the defendant had been convicted.* This is so even though

[1]Penal Code section 1016 provides: "There are six kinds of pleas to an indictment or an information. . . .

"4. A former judgment of conviction or acquittal of the offense charged.

"5. Once in jeopardy."

[2]Penal Code section 1181 provides in relevant part: "When a verdict has been rendered or a finding made against the defendant, the court may, upon his application, grant a new trial, in the following cases only: . . . [¶] 6. When the verdict or finding is contrary to law or evidence . . . ."

the decision may imply that the trial court has reweighed the evidence and has found that it does not establish the defendant's guilt of any offense" (*People* v. *Serrato, supra,* p. 761; italics added). The court went on to state: "The function of a jury, when it finds the evidence insufficient, is to acquit. By contrast, the function of the court, ruling on a motion for new trial is to grant a new trial if it finds the evidence insufficient. *A court reviewing the verdict under section 1181 has no authority to acquit the defendant* expressly, impliedly or inadvertently" (p. 762; italics added).

The foregoing authority accords with the statutory command of Penal Code section 1180, which provides that "The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the *former verdict* or finding *cannot* be used or referred to, either in evidence or in argument, or *be pleaded in bar of any conviction which might have been had under the accusatory pleading*" (italics added). Thus, the granting of a new trial has the same effect as a mistrial.

The granting of a motion for judgment of acquittal pursuant to the provisions of section 1118.1, on the other hand, has entirely different consequences. These consequences flow from different standards employed by the trial court in ruling upon a motion for judgment of acquittal. "The 'test to be applied by the trial court under [§ 1181.1] is . . . *the same test applied by an appellate court in reviewing a conviction:* whether from the evidence, including reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged [citations].' " (Italics added.) (*People* v. *Lines* (1975) 13 Cal.3d 500, 505 [119 Cal.Rptr. 225, 531 P.2d 793].)[3] The People concede that the granting of a motion for judgment of acquittal pursuant to the provisions of section 1118.1 would bar another prosecution for the same offenses; indeed, such a result is compelled by statute

---

[3]Added to the Penal Code in 1967 and replacing the procedure under former section 1118 providing for the court's nonbinding advice to the jury to acquit, section 1118.1 provides: "In a case tried before a jury, the court on motion of the defendant or on its own motion, at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses *on appeal.* If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right." (Italics added.)

(Pen. Code, § 1118.2; *People* v. *Moran* (1973) 33 Cal.App.3d 724, 728 [109 Cal.Rptr. 287]).[4]

It is readily apparent that the statutory procedures governing motions for new trial differ from the procedures governing motions for judgment of acquittal and that different consequences flow from each procedure. California's statutory procedures thus vary from the federal procedures considered in *Burks* and the state procedures considered in *Greene, supra,* 437 U.S. 19.

In *Burks, supra,* 437 U.S. 1., the United States Supreme Court was squarely presented with the question of whether a defendant may be tried a second time when a *reviewing court* has determined that in a prior trial the evidence was insufficient to sustain the verdict of the jury (p. 5 [57 L.Ed.2d p. 5]). The court reexamined its holding in *Forman* v. *United States* (1960) 361 U.S. 416 [4 L.Ed.2d 412, 80 S.Ct. 481], wherein, without distinguishing between a reversal due to trial error and a reversal resulting solely from evidentiary insufficiency, the court had held that a new trial did not involve double jeopardy (p. 8 [57 L.Ed.2d p. 8]). The court concluded that its prior cases were correct in allowing a new trial to rectify trial error (p. 14 [57 L.Ed.2d p. 11]); however, it concluded that the rule was otherwise when a defendant's conviction had been overturned due to a failure of proof at trial, as follows: "In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, *e.g.,* incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished. . . .

"The same cannot be said when a defendant's conviction has been overturned due to a failure of proof at trial, in which case the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble.[10]" (Pp. 15-16 [57 L.Ed.2d p. 12].)

---

[4]Section 1118.2, in pertinent part, provides: "A judgment of acquittal entered pursuant to the provisions of Section . . . 1118.1 shall not be appealable and is a bar to any other prosecution for the same offense."

"[10]In holding the evidence insufficient to sustain guilt, *an appellate court* determines that the prosecution has failed to prove guilt beyond a reasonable doubt. See *American*

The court pointed out in *Burks,* however, that ". . . such an appellate reversal means that the government's case was so lacking that it should not have even been *submitted* to the jury. Since we necessarily afford absolute finality to a jury's *verdict* of acquittal—no matter how erroneous its decision—it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty.

"The importance of a reversal on grounds of evidentiary insufficiency for purposes of inquiry under the Double Jeopardy Clause is underscored by the fact that a federal court's role in deciding whether a case should be considered by the jury is quite limited. Even the trial court, which has heard the testimony of witnesses first hand, is not to weigh the evidence or assess the credibility of witnesses when it judges the merits of a motion for acquittal. [Citations.] The prevailing rule has long been that a district judge is to submit a case to the jury if the evidence and inferences therefrom most favorable to the prosecution would warrant the jury's finding the defendant guilty beyond a reasonable doubt. [Citations.] Obviously a federal appellate court applies no higher a standard; rather, it must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the Government, to uphold the jury's decision. [Citation.] . . . Given the *requirements for entry of a judgment of acquittal,* the purposes of the Clause would be negated were we to afford the government an opportunity for the proverbial 'second bite at the apple.'" (Pp. 16-17 [57 L.Ed.2d pp. 12-13]; italics added.)

It is significant that petitioner does not argue, as the defendant did in *Burks,* that petitioner was entitled to a judgment of acquittal, i.e., that the People's case "was so lacking that it should not have even been *submitted* to the jury" (p. 16 [57 L.Ed.2d pp. 12-13]). Although *Burks* made it clear that a defendant entitled to a judgment of acquittal will not be deprived of relief by the appellate court because he failed to make such a motion in the trial court or because he moved instead for a new trial, we conclude that *Burks* stands for the proposition that the double jeopardy clause will preclude retrial only if a reversal by a *reviewing court* is grounded on the fact that the evidence presented to the jury is so insufficient that the defendant was entitled to a judgment of acquittal.

Our conclusion is fortified by the action taken by the Supreme Court in *Greene, supra,* 437 U.S. 19. There, the issue was whether the *per curiam*

*Tobacco Co.* v. *United States,* 328 U.S. 781, 787 n. 4 (1946) [90 L.Ed. 1575, 1582, 66 S.Ct. 1125]."

opinion of the Florida State Supreme Court was "tantamount to a finding that the trial court *should have directed a verdict of not guilty* and hence a second trial for first-degree murder would constitute double jeopardy" (p. 22 [57 L.Ed.2d p. 19]; italics added). Because there was some question whether, under the language of the *per curiam* opinion it could reasonably be said that the concurring justices thought that the *legally competent* evidence adduced at the first trial was insufficient to prove guilt, the matter was remanded to the Court of Appeals for reconsideration to resolve this question (p. 26 [57 L.Ed.2d p. 22]). Moreover, Justice Rehnquist, in his concurring opinion, noted the varying practices with respect to motions for new trial and other challenges to the sufficiency of the evidence, both at the trial level and on appeal, in the 50 different states, and cautioned that "to the extent that Florida practice in this regard differs from practice in the federal system, the impact of the Double Jeopardy Clause may likewise differ with respect to a particular proceeding" (p. 27 [57 L.Ed.2d p. 23]).

In *Burks, supra,* 437 U.S. 1, the government, by failing to cross-petition for certiorari on the question of whether the Court of Appeals was correct in holding that the government had failed to meet its burden of proof with respect to the defendant's claim of insanity, in effect conceded that in the prior trial the evidence was insufficient to sustain the verdict of the jury (see p. 5 [57 L.Ed.2d pp. 5-6]).[5] There is no such concession by the People here.[6]

Although no transcript of the testimony taken at the trial is available to us in these proceedings, the evidence in the five-week-long trial appears to have been conflicting. It is apparent from the record that respondent court, applying the standards applicable to motions for new trial, judged the credibility of the witnesses, resolved conflicts in the testimony, independently weighed the evidence, and drew factual inferences opposed to those drawn by the jury. ▪ In passing upon a motion for new trial, the trial court has very broad discretion and is not bound by

---

[5]Although the People are entitled to appeal from an order granting a new trial (Pen. Code, § 1238, subd. (a)(3)), it cannot be said that by failing to appeal the People concede that the evidence was insufficient to support the verdict. The People do not so concede; rather, they argue that an appeal from the order granting a new trial, given the wide latitude allowed to trial courts on such a motion, would have been futile, since reviewing courts are reluctant to interfere with a decision granting a motion for new trial unless there is a clear showing of an abuse of discretion (see *People* v. *Robarge* (1953) 41 Cal.2d 628, 633 [262 P.2d 14]).

[6]In their opposition to petitioner's motions in the trial court and in these appellate proceedings, the People have continued to assert that the verdict of the jury was *supported by substantial evidence.*

conflicts in the evidence (*People* v. *Robarge, supra,* 41 Cal.2d, pp. 633-635). A trial court can grant a motion for new trial where the evidence is legally sufficient and even where the only evidence is that of the prosecution (*People* v. *Sarazzawski, supra,* 27 Cal.2d, p. 16). ▮ The granting of a motion for new trial, where the trial court has independently weighed the evidence, cannot be equated with the granting of a motion for judgment of acquittal, where the trial court must apply the same test applied by an appellate court in reviewing a conviction.

▮ In summary, after a trial by jury, a verdict was rendered against petitioner finding him guilty as charged of numerous felonies. Upon petitioner's application, the trial judge granted a motion for new trial, pursuant to the provisions of Penal Code section 1181, subdivision 6, on the ground of insufficiency of the evidence to support the verdict. The grant of the motion for new trial, by a trial court not bound by the jury's decision as to conflicts in the evidence or inferences to be drawn therefrom and under a duty to give defendant the benefit of its *independent* conclusion as to the sufficiency of credible evidence to support the verdict, was not the equivalent of a judgment of acquittal authorized pursuant to Penal Code section 1118.1, upon which retrial is barred (Pen. Code, § 1118.2). We hold that petitioner may be retried for the same offenses of which he has been convicted (Pen. Code, § 1180), and that a second trial will not violate constitutional guarantees against double jeopardy (U.S. Const., 5th Amend.; Cal. Const., art. I, § 15).

The alternative writ is discharged and the peremptory writ is denied.

Kane, J., and Rouse, J., concurred.

A petition for a rehearing was denied March 28, 1979, and petitioner's application for a hearing by the Supreme Court was denied April 26, 1979.