[Crim. No. 21372. First Dist., Div. Two. Feb. 3, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
MITCHELL GEORGE VEITCH, Defendant and Appellant.

COUNSEL

M. Jean Starcevich and Robert L. Mezzetti for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ann K. Jensen and Stan M. Helfman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**MILLER, Acting P. J.**—The sole issue in this case is whether a criminal defendant's Fifth Amendment privilege against double jeopardy is violated when he is retried after the trial judge sets aside a jury verdict of guilty under the provisions of Penal Code section 1181, subdivision 6[1] (verdict contrary to law or evidence.).

On February 3, 1978, after a trial by jury, a verdict was rendered against appellant finding him guilty of burglary, forcible rape and rape by threats, assault with intent to commit rape, forcible oral copulation, acting in concert and being armed with a deadly weapon. (§§ 459; 261, subds. (2), (3); 220; 288, subd. (a); 264.1, 12022.) On April 26, 1978, upon appellant's application, the trial court granted a new trial pursuant to the provisions of section 1181, subdivision 6, on the ground that the verdict was contrary to law and evidence, and "further, on the

---

[1]Unless otherwise indicated all code sections will refer to the Penal Code.

grounds of insufficiency of the evidence to support the verdict." Before the second trial appellant entered pleas of former judgment of acquittal and once in jeopardy. The motion for a special hearing on those pleas was denied by the trial court on September 7, 1978. Thereafter, appellant petitioned this court for a writ of prohibition to prevent his retrial. This division's opinion denying relief was published as *Veitch v. Superior Court* (1979) 89 Cal.App.3d 722 [152 Cal.Rptr. 822]. Petition for rehearing was denied March 28, 1979, and petition for hearing to the Supreme Court was denied April 26, 1979. (P. 731.) Petition to the United States Supreme Court for a writ of certiorari was denied November 5, 1979. (444 U.S. 940 [62 L.Ed.2d 306, 100 S.Ct. 293.)

A second trial was held on February 21, 1980. Appellant waived a jury trial, submitted the question of his guilt on one burglary charge to the court on the basis of the July 28, 1977, preliminary examination record, and submitted the issue of his double jeopardy defense to the court on the basis of the entire file of the case. The court found the double jeopardy defense to be without merit and found appellant guilty of burglary in the second degree. The remaining counts were dismissed.

■ As a threshold inquiry we must decide whether further inquiry into the double jeopardy issued in this action is foreclosed by application of the doctrine of the law of the case. ■ The doctrine provides that when an appellate court has rendered a decision and has stated in its decision a rule of law necessary to that decision, that rule is to be followed in all subsequent proceedings in the same action. (*People v. Scott* (1976) 16 Cal.3d 242, 246 [128 Cal.Rptr. 39, 546 P.2d 327].)

■ Respondent argues that our having reached a decision on the double jeopardy claim in *Veitch v. Superior Court, supra,* 89 Cal. App.3d 722, determines the law of the case with regard to the double jeopardy issue and precludes any further consideration of it.

Appellant argues that our decision in *Veitch* did not settle the law of the case and offers three grounds in support of his contention, which we shall consider in turn.

Appellant first argues that our decision in *Veitch* does not determine the law of the case because that decision was rendered in a hearing on a petition for a writ of prohibition. Appellant seems to argue that, to determine the law of the case, a decision must arise out of an *appeal* after the injury has occurred. While most of the cases on the question deal

with the effect of a decision in one *appeal* upon a subsequent appeal, there is nothing to indicate that the first decision may only determine the law of the case if it arises on an appeal.

The definition of the doctrine in *People* v. *Scott, supra,* 16 Cal.3d at page 246, says that the doctrine applies "when an appellate court has rendered a decision." Nothing in the wording restricts its applicability to decisions on appeal.

In *Morris Plan Co.* v. *Kahen* (1933) 135 Cal.App. 395, 396, [26 P.2d 855], the court held that in an appeal from the judgment of a trial court, all questions decided in a prior denial of a motion to dismiss the appeal became the law of the case. In *Rosato* v. *Superior Court* (1975) 51 Cal.App.3d 190, 230-231 [124 Cal.Rptr. 427], the court held that a summary *denial*, without issuance of an order to show cause, and without oral argument, of a writ of prohibition to stop hearings by a trial court did not bar reconsideration of the issues on a petition for a writ of review of the trial court's subsequent contempt findings. Implicit in this holding is the assertion that, had the court given full consideration to the issues at the hearing on the writ, any decision it then made would have determined the law of the case.

 Accordingly, the law of the case may be established in an appellate court decision rendered in connection with any sort of proceeding before it and is not limited to decisions rendered in appeals. Appellant's first contention is thus invalid.

Appellant's second argument appears to be because the trial court at the second trial offered to set aside those proceedings if an appellate court found that appellant had forfeited his right to review of the double jeopardy issue by reason of the proceedings in the second trial; and, because respondent did not object, our *Veitch* opinion should not be held to establish the law of the case. This argument must fail. There is no basis for appellant's assertion that a trial court is empowered, even with the assent of both parties, to modify a rule of appellate procedure such as the doctrine of the law of the case.

 Third, appellant argues that the decision of the United States Supreme Court in *Hudson* v. *Louisiana* (1981) 450 U.S. 40 [67 L.Ed.2d 30, 101 S.Ct. 970] squarely addresses the double jeopardy issue and compels reexamination of our holding in *Veitch*.

■ There is a recognized exception to the doctrine of the law of the case when the controlling rules of law have been altered or clarified by a decision intervening between the first and second determinations by the appellate courts. (*DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 179-180 [18 Cal.Rptr. 369, 367 P.2d 865].) We must therefore examine *Hudson* to determine whether it has "altered or clarified" the controlling rules of law on which our decision in *Veitch* was based.

In *Hudson* the United States Supreme Court held that a state violated the double jeopardy clause by retrying a criminal defendant after the judge at the first trial granted a motion for a new trial on the basis of insufficiency of evidence to support a jury verdict of guilty. (450 U.S. at pp. 42-43 [67 L.Ed.2d at p. 33, 101 S.Ct. at p. 972].) This fact situation bears a superficial similarity to that of the instant case, since the order granting appellant's motion for a new trial vacated the jury verdict "because it is contrary to the law and evidence and, further, on the grounds of insufficiency of the evidence to support the verdict." However, our examination leads us to conclude that the situations are different and that *Hudson* does not alter the law so as to bar a retrial in the instant case, nor does it provide any "clarification" which would cause us to reexamine our holdings in *Veitch*.

At the outset, the superficial similarity between *Hudson* and the instant case is misleading because of the difference between the Louisiana and California statutory schemes. ■ In California, if a criminal defendant in a jury trial wishes to challenge the legal sufficiency of the evidence in the trial court, he must move for a judgment of acquittal under section 1118.1. Such a judgment is a bar to any other prosecution for the same offense. (§ 1118.2.) Alternatively, the defendant may appeal his conviction on the ground of insufficiency of the evidence. Reversal by the appellate court on that ground also bars retrial. (*Greene* v. *Massey* (1978) 437 U.S. 19, 24 [57 L.Ed.2d 15, 20, 98 S.Ct. 2151].) The test to be applied by a trial court in deciding a section 1118.1 motion is the "'same test applied by an appellate court in reviewing a conviction: whether from the evidence, including reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged.'" (*People* v. *Lines* (1975) 13 Cal.3d 500, 505 [119 Cal.Rptr. 225, 531 P.2d 793]; *People* v. *Patino* (1979) 95 Cal.App.3d 11, 27 [156 Cal.Rptr. 815].)

In considering a motion for a new trial under section 1181, subdivision 6, (on the ground that the verdict is contrary to the evidence) the trial court is not bound by the jury's decision as to conflicts in the evidence or inferences to be drawn therefrom. It is under the duty to give the defendant the benefit of its independent conclusion as to the sufficiency of credible evidence to support the verdict. (*Veitch* v. *Superior Court, supra,* 89 Cal.App.3d at p. 731.) If the trial court grants a new trial under this motion, the decision is not an acquittal and is not a bar to retrial for the offense of which appellant had been convicted. (*People* v. *Serrato* (1973) 9 Cal.3d 753, 761 [109 Cal.Rptr. 65, 512 P.2d 289].)

The Louisiana defendant may only move for a new trial; Louisiana law does not permit trial judges to enter judgments of acquittal in jury trials. (*Hudson, supra,* 450 U.S. at p. 41, fn. 1 [67 L.Ed.2d at p. 32, 101 S.Ct. at p. 971].) Retrial of *Hudson* was barred because it was "clear that [Hudson] moved for a new trial on the ground that the evidence was *legally insufficient* to support the verdict and that the trial judge granted [his] motion on that ground." (*Id.,* 450 U.S. at p. 43 [67 L.Ed.2d at p. 33, 101 S.Ct. at p. 972]; italics added.)

The court in *Hudson* distinguished the situation where the trial court finds the evidence insufficient as a matter of law and that where the court, "as a '13th juror,' would have decided it differently from the other 12 jurors." (450 U.S. at p. 44 [67 L.Ed.2d at p. 34, 101 S.Ct. at p. 973].) *Hudson* states that the decision in *Burks* v. *United States* (1978) 437 U.S. 1 [57 L.Ed.2d 1, 98 S.Ct. 2141], which controlled the case in *Hudson* and which this court relied upon in *Veitch*, only bars a retrial when "the State has failed as a matter of law to prove its case," not when "a new trial [is] ordered by a trial judge acting as a '13th juror'." ([450 U.S. at p. 45, fn. 5 [67 L.Ed.2d at p. 35, 101 S.Ct. at p. 973].) Whether a state trial judge assesses evidence, on a motion for a new trial, as a "'13th juror'" is a matter of state law. (*Ibid.*) *Hudson* cites *Veitch* as an example of a judge's acting as a "'13th juror'." (*Ibid.*)

The use of the term "13th juror" is unfortunate, for it tends to obscure the trial judge's role more than it clarifies it. California courts have rejected the use of the term to describe the trial judge's role in considering a section 1181, subdivision 6 motion. (*People* v. *Robarge* (1953) 41 Cal.2d 628, 634 [262 p.2d 14]; *People* v. *Edgmon* (1968) 267 Cal.App.2d 759, 766 [73 Cal.Rptr. 634].) But it is clear that the California trial judge acts as a "'13th juror'" as the term is used by the

United States Supreme Court in *Hudson*, since the trial judge independently weighs the evidence, rather than applying the substantial evidence rule and determining legal sufficiency. (*Hudson* v. *Louisiana, supra*, 450 U.S. at p. 44 [67 L.Ed.2d at p. 34, 101 S.Ct. at pp. 972-973]; *People* v. *Redmond* (1969) 71 Cal.2d 745, 759 [79 Cal.Rptr. 529, 457 P.2d 321].)

*Burks* v. *United States, supra*, 437 U.S. 1, does not bar retrial when a motion for a new trial is granted by a trial judge, sitting as a "'13th juror'," on grounds of insufficiency of the evidence. (*Hudson* v. *Louisiana, supra*, 450 U.S. at p. 45, fn. 5 [67 L.Ed.2d at p. 35, 101 S.Ct. at p. 973].) A California trial judge considering a motion for a new trial under section 1181, subdivision 6, assesses evidence as a "'13th juror'." (*Ibid.*) Nothing in *Hudson* alters the law in *Burks* v. *United States, supra*, 437 U.S. 1, nor clarifies it to the extent that we are compelled to reexamine our reliance on its holdings in *Veitch*.

Our decision in *Veitch* therefore establishes the law of the case in this action with respect to the issue of double jeopardy. As this is the single ground for appellant's appeal, the appeal is dismissed.

The judgment of the trial court is affirmed.

Smith J., and Taylor, J.,* concurred.

A petition for a rehearing was denied March 5, 1982, and appellant's petition for a hearing by the Supreme Court was denied April 1, 1982.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.