[No. B003376. Second Dist., Div. Five. May 29, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
EDDIE GERRY STORY, Defendant and Appellant.

## COUNSEL

Henry Salcido and Edward P. George, Jr., for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Shunji Asari, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ASHBY, J.**—Appellant Eddie Gerry Story, aka Gradus E. Story, was tried by jury and found guilty of perjury. (Pen. Code, § 118.) He was granted probation for two years on condition that he pay a $2,000 fine and obey all the laws.

Appellant, born in Holland, was originally named Gradus Evaradus Story. After he came to the United States at age four, his parents called him Eddie Story. When appellant became a naturalized citizen in October 1972 he legally changed his name to Eddie Gerry Story. That same year appellant obtained a Nevada driver's license under the name Eddie Gerry Story. He maintained this license through 1979 and up to the time of trial.

A California driver's license was issued to appellant in 1967 in the name Gradus Evaradus Story. In August 1979 appellant applied to renew his California driver's license under the same name: Gradus Evaradus Story. On the application were four questions, one of which was: "Have you held a driver's license in another state or country in the past three years?" Appellant answered "no." He proceeded to sign the application. By signing he certified under penalty of perjury that all of his statements on the application were true.

Since 1970 appellant has been in the business of repossessing cars and heavy equipment for banks, finance companies and credit unions. His busi-

ness has been incorporated in California since 1978; it is incorporated in no other state.

During April of 1982 appellant received a suspension notice from the California Department of Motor Vehicles (DMV). The notice was sent because appellant was cited for seven moving violations. The notices are sent to repeated violators, even those holding out-of-state licenses. Each time he was stopped for a violation appellant gave the officer his Nevada license rather than his California license. Out-of-state traffic violators are tracked by DMV through the issuance of a fictitious number and the creation of a file related to that number. Eddie Story, holder of a Nevada driver's license, had a DMV file related to his accumulated traffic violations. Because appellant's California license was held under a different name the DMV did not relate the two licenses.

Appellant's explanation: Whenever he was stopped for a traffic violation in California and gave the officer his Nevada license, it was "the only license I had." He elaborated: "It's the only one I had on me. That's it."

In response to the suspension notice, appellant requested a hearing, which was held on May 26, 1982. At the hearing appellant told the DMV referee handling the case that he formerly held a California license under the name of Gradus E. Story, but neglected to mention how recently he had canceled the license—on April 20, 1982, only six days after the mailing of the notice of suspension.

Prior to the suspension notice, during March 1982, appellant was visited at his place of business by a DMV inspector. He showed the inspector his Nevada license and explained that he did not have a California license. Appellant denied being a California resident. The inspector, attempting to verify appellant's residence, checked appellant's business license, which was on file with the City of Long Beach. The business license showed a California address and a California driver's license number. The license number was the one assigned to Gradus E. Story.

Appellant's explanation: He believed that his California license had been destroyed in a fire on March 1, 1980. For this reason he told the DMV inspector in March 1982 that he did not have a California license. He found the license "at some later point in time" in a box of papers that had survived the fire, brought the license to the DMV and canceled it because he was told by his attorney—right after the visit by the DMV inspector in March 1982—that he was "not supposed to have both" California and Nevada licenses.

## DISCUSSION

■ Appellant contends that the evidence at trial was insufficient to support a perjury conviction. He maintains that the People did not carry their burden of proving that he intended to make a false statement on the DMV application under penalty of perjury.

■ A conviction for perjury requires that the accused have the specific intent to make a false statement under penalty of perjury. (*People* v. *Viniegra* (1982) 130 Cal.App.3d 577, 586 [181 Cal.Rptr. 848]; Pen. Code, § 118.) The statement must be known by the accused to be false at the time it was made and must be willfully made. An act is willfully done when done intentionally and without excuse. (*Green* v. *Stewart* (1930) 106 Cal.App. 518, 528 [289 P. 940].)

■ The People met their burden of proving appellant's specific intent. To begin with, appellant is an automobile repossessor with experience in working with the DMV and is familiar with DMV forms. There was evidence that he read the overall application form: he remembered that one of the questions dealt with illness and disability. The certification appeared directly below the questions, and the place for the applicant's signature, where appellant in fact signed, was immediately below the certification. He did not fill out the forms in a rush; he was at the DMV for several hours, waiting for his application to be processed. In addition, the DMV employee who processed appellant's application testified that, while she had no specific recollection of appellant, in 1979 she routinely followed a procedure in which she asked each applicant: "Under penalty of perjury, are all the answers true and correct?"[1] There was no issue of his ability to comprehend the meaning of certifying under penalty of perjury that all one's responses are true. Appellant testified that he understands what the certification means. He at no time stated at trial that he did not understand that he was signing under penalty of perjury. He first testified that he could not recall reading the certification at the time he signed, but, pressed by defense counsel, he

---

[1] Appellant attempts to heighten the import of this DMV procedure to a "two-pronged standard" for certification under penalty of perjury. His argument is that the People failed to meet their burden of proof because after they introduced the testimony regarding the procedure they were unable to prove that he had actually been asked the question by the application processer. But the DMV procedure is nothing more than an internal guideline for its employees. Regardless of which side introduced the evidence it has no impact on the People's burden of proof. The witness' inability to state that she had actually asked appellant if all of his answers were true went only to the weight of her testimony. And, in light of all the evidence, the testimony that she did not recall processing appellant's application was not, as appellant contends, "fatal" to the People's case.

conceded that he "may have" read it. ■ ■■■ ■ There is no merit to this contention.[2]

■ Appellant also contends that the trial court erred in failing to instruct the jury *sua sponte* on a lesser included offense, making a false statement to the DMV. (Veh. Code, § 20.) We do not agree. Under Penal Code section 118 one who certifies under penalty of perjury, where such certification is permitted by law, and willfully states as true any material matter known to be false is guilty of perjury. Perjury is a felony. (Pen. Code, § 126.) Under Vehicle Code section 20 it is unlawful to knowingly make any false statement or conceal any material fact in any document filed with the DMV. Violation of Vehicle Code section 20 is a misdemeanor. (Veh. Code, § 40000.5.) ■ An uncharged crime is included in a greater charged offense if the language of the accusatory pleading encompasses all the elements of the lesser offense. (*People* v. *Wolcott* (1983) 34 Cal.3d 92, 98 [192 Cal.Rptr. 748, 665 P.2d 520]; *People* v. *Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456].) ■ The information filed in this case advised appellant that he was being accused of perjury for the false statements he made on the DMV application. Under the above stated test for determining lesser included offenses, Vehicle Code section 20 is included in the perjury offense in this case.

■ However, the court is required to instruct on lesser included offenses only when the evidence raises a question whether all the elements of the charged crime have been proved and would support a reasonable jury determination that the defendant committed the lesser but not the greater crime. (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913]; *People* v. *Noah* (1971) 5 Cal.3d 469, 479 [96 Cal.Rptr. 441, 487 P.2d 1009]; *People* v. *Wickersham* (1982) 32 Cal.3d 307, 325 [185 Cal.Rptr. 436, 650 P.2d 311].) Instruction on lesser included offenses is not required when the evidence shows that, if guilty at all, defendant committed the greater crime. (*People* v. *Noah, supra.*)

■ Appellant merely denied that he intended to lie.[3] If believed by the jury, he was not guilty of violating either Vehicle Code section 20 or Penal

[2]Appellant also challenges the trial court's denial of his motion for acquittal. The trial court determined that there was substantial evidence of the existence of each element of perjury. (*People* v. *Veitch* (1982) 128 Cal.App.3d 460, 466 [180 Cal.Rptr. 412]; *People* v. *Patino* (1979) 95 Cal.App.3d 11, 27 [156 Cal.Rptr. 815].) In light of our rejection of appellant's contention that the evidence did not support conviction, we of course find no merit in this challenge.

[3]Appellant testified on direct examination as follows:

"Q. Was it your intent when you went to DMV to lie or falsify or attempt to conceal anything that was in your past?

"A. No.

"Q. The two questions [on the application] that you made reference to that you answered 'no,' was it your intent to lie about anything?

"A. No, it was not."

Code section 118. However, if disbelieved by the jury, appellant was guilty of perjury in violation of Penal Code section 118 as charged. To justify a conviction of Vehicle Code section 20, the jury would have to find that appellant intended to lie but did not intend to do so under penalty of perjury. This was not appellant's defense nor does the evidence support this theory.

The judgment is affirmed.

Feinerman, P. J., and Eagleson, J., concurred.