The appellant, Lopaka King, was indicted for theft, in violation of § 13A-8-4, Code of Alabama 1975. A jury found the appellant guilty "as charged in the indictment." The appellant was sentenced as a habitual offender with two prior convictions to life in prison. The appellant raises four issues on appeal; however, because it is necessary to remand this case on one issue, only that issue will be addressed.
The appellant asserts that the trial court violated his Sixth and Fourteenth Amendment rights to counsel. Specifically, he asserts that he was entitled to appointed counsel on his motion for a new trial.
The record reflects that the jury returned a verdict of guilty on July 11, 1991. The sentencing hearing was held on August 30, 1991. At the beginning of the sentencing hearing, the appellant orally requested that his court-appointed attorney be dismissed. His written motion, contained in the record, requests that his court-appointed attorney be dismissedand another attorney be appointed.
The trial judge denied this motion and proceeded with the sentencing hearing. At the conclusion of the hearing, the trial court allowed the appellant's attorney to withdraw. The appellant gave oral notice of appeal and indicated that he wanted all of his documents furnished to him for purposes of his appeal. The appellant also *Page 889 
indicated that he wanted to file a motion for a new trial. The record then reflects numerous motions filed by the appellant on September 6, 1991. One of these motions is a 13-page, handwritten motion for a new trial.
On October 18, 1991, a hearing was held on the motion for a new trial. At the beginning of the proceedings, the trial court informed the appellant that because it had not been able to find anyone to represent him, he would be allowed to represent himself on the motion for a new trial. The hearing on the motion for a new trial proceeded. The trial court denied the appellant's motion; however, it is unclear when this motion was denied.
The record then reflects numerous motions filed with the trial court. The appellant also filed various motions with the Court of Criminal Appeals, alleging that he was denied his right to counsel. On February 13, 1992, the appellant's present counsel was appointed to represent him on appeal.
The question presented for our review is whether the appellant was constitutionally entitled to the assistance of appointed counsel in preparation of his motion for a new trial. The Sixth Amendment of the United States Constitution provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." The cases construing this amendment are legion; however, we are unaware of an Alabama case that specifically addresses whether an indigent defendant is constitutionally entitled to the assistance of counsel in preparation of post-trial motions. We note, for the sake of clarity, that we are addressing post-trial motions, specifically, a motion for a new trial, and not those actions deemed "post-conviction" motions.
In Menefield v. Borg, 881 F.2d 696 (9th Cir. 1989), the Ninth Circuit Court of Appeals grappled with an issue similar to this one. The court had to determine whether a criminal defendant was "entitled to the assistance of an attorney at a post-trial hearing when prior to trial he waived the right to counsel and chose to represent himself." Menefield, 881 F.2d at 698. Menefield was represented by counsel in pretrial proceedings, but he had asserted his right to represent himself at trial. He was convicted. Menefield appealed the denial of his petition for writ of habeas corpus. He argued that his Sixth Amendment rights had been violated by the state court when he was denied his request for the assistance of counsel in preparation of a motion for a new trial. Menefield had requested the assistance of counsel in preparation of his motion for a new trial. The trial court denied this request. The basis of the denial was twofold:
 "First, the judge feared that the proceedings would be delayed while counsel familiarized himself with the transcript and the issues in the case. Second, although California grants a statutory right to petition the trial court for a new trial, the court concluded that the statute confers no substantive rights that could not later be raised on appeal"
Menefield, 881 F.2d at 697.
Menefield's subsequent pro se motion for a new trial was denied. Before addressing the interaction between the appellant's right to represent himself and the subsequent assertion of a right to counsel, the court had to determine whether the appellant did in fact have a right to counsel in filing a motion for a new trial. In so doing, the court stated the following principal:
 "The right to effective assistance of counsel only attaches to certain parts of the criminal prosecution. The right to counsel was originally a trial right, but the Sixth Amendment provision of effective assistance of counsel has been extended to various 'critical' stages of the prosecution. Critical stages of the prosecution include all parts of the prosecution implicating substantial rights of the accused."
Menefield, 881 F.2d at 698 (citations omitted). The court then proceeded to determine whether the filing of a motion for a new trial is a critical stage of the prosecution. The court considered the following three factors in concluding that the filing *Page 890 
of a motion for a new trial is a critical stage of the prosecution:
 "First, if failure to pursue strategies or remedies results in a loss of significant rights, then Sixth Amendment protections attach. Second, where skilled counsel would be useful in helping the accused understand the legal confrontation, we find that a critical stage exits. Third, the right to counsel applies if the proceeding tests the merits of the accused's case."
Menefield, 881 F.2d at 698-99 (citations omitted). The court then applied these factors to Menefield's case and determined that the motion for a new trial, under California law, was a critical stage of the prosecution:
 "Unlike an appellate court, the trial judge hearing a motion for new trial reviews the evidence de novo and examines the record independently. The trial court 'is under the duty to give the defendant the benefit of its independent conclusion as the sufficiency of credible evidence to support the verdict.' People v. Veitch, 128 Cal.App.3d 460, 467, 180 Cal.Rptr. 412 (Div. Two 1982). The trial judge sits as the '13th juror' in evaluating the weight of the evidence against the defendant. As a practical matter, the motion for a new trial is the defendant's last opportunity for an unconstrained review on the merits of the evidence against him. On appeal, both jury conclusions and the factual decisions of the trial court are either immune from review or treated under a highly deferential standard. Consequently, the defendant's failure to take full legal advantage of the statutory right substantially diminishes his ability to challenge the sufficiency of the evidence.
 "Not only are substantive rights involved but counsel can enable the defendant to protect these rights. An effective motion for a new trial ordinarily requires a lawyer's understanding of legal rules and his experience in presenting claims before a court. The presence of trained counsel at this stage insures that the most favorable arguments will be presented and 'that the accused's interests will be protected consistently with our theory of criminal prosecution.' [U.S. v.] Wade, 388 U.S. [218] at 227, 87 S.Ct. [1926] at 1932 [18 L.Ed.2d 1149
(1967)]."
Menefield, 881 F.2d at 699. See also, Johnston v. Mizell,912 F.2d 172, 176 (7th Cir. 1990), cert. denied, ___ U.S. ___,111 S.Ct. 982, 112 L.Ed.2d 1067 (1991) ("[i]n Illinois, a post-trial motion for a new trial is a critical stage in criminal proceedings"); but cf., U.S. v. Tajeddini,945 F.2d 458, 470 (1st Cir. 1991), cert. denied, ___ U.S. ___,112 S.Ct. 3009, 120 L.Ed.2d 883 (1992) ("[f]ederally convicted defendant is not entitled under the Criminal Justice Act,18 U.S.C. § 3006A, or the Sixth Amendment, to appointment of counsel on a motion for new trial").
Once the court determined that a motion for a new trial was a critical stage of the prosecution, the court proceeded to address the issue of whether the appellant was entitled to counsel in the filing of a motion for a new trial when he had previously waived the assistance of counsel and asserted his right to represent himself. The court concluded:
 "At least in the absence of extraordinary circumstances, an accused who request an attorney at the time of a motion for a new trial is entitled to have one appointed, unless the government can show that the request is made for a bad faith purpose."
Menefield, 881 F.2d at 701.
Mindful of the above, we turn our attention to this case. The issue to be determined by this court is whether the appellant is constitutionally entitled to the assistance of counsel in the preparation of his motion for a new trial. Accordingly, we must determine whether a motion for a new trial is a critical stage in the prosecution. The courts have determined that a defendant has a right to appointed counsel at sentencing and in the first appeal granted as a matter of right from a criminal conviction. See generally, Committee Comments to Rule 6.1, A.R.Cr.P. In Alabama, the right to appeal is statutory. See, Alabama Code 1975, § 12-22-130. The defendant has 42 days after sentencing *Page 891 
in which to take an appeal. Rule 24.1, A.R.Cr.P., which is basically a restatement of Alabama Code 1975, § 15-17-5 (See Maddox, H., Alabama Rules of Criminal Procedure (1990)), provides for the filing of a motion for a new trial. Pursuant to Rule 24.1, a motion for new trial must be filed no later than 30 days after sentence is pronounced.
It would appear that if an indigent defendant is constitutionally entitled to the assistance of counsel at sentencing and in the first appeal as a matter or right, that defendant would be entitled to the assistance of counsel in the interim period, absent a waiver. Applying the rationale inMenefield, supra, we conclude that the filing of a motion for a new trial is a critical stage in the prosecution. A written post-trial motion is necessary in certain instances to preserve issues for appellate review, most notably claims of ineffective assistance of counsel. The Alabama Supreme Court apparently felt that the assistance of counsel was so essential in the preparation of a motion for new trial that it established new of rule of procedure applicable when new counsel is appointed to represent the appellant on appeal. Ex parte Jackson,598 So.2d 895 (Ala. 1992).[1] Additionally, we note that the Alabama Rules of Criminal Procedure seem to contemplate that absent a waiver, an indigent defendant will have the assistance of counsel from sentencing to first appeal. Rule 6.2(b) states:
 "Counsel representing a defendant at any stage shall continue to represent that defendant in all further proceedings in the trial court, including filing of notice of appeal, unless counsel withdraws in accordance with a limited contract of employment as described in Rule 6.2(a), or for other good cause as approved by the court."
The committee comments to this rule state that:
 "Normally, appointed counsel will not be permitted to withdraw prior to appeal. However, if the court permits withdrawal by counsel, the court must then provide new counsel or see that counsel for the defendant has been provided, unless right to counsel has been waived."
We conclude that the filing of a motion for a new trial is a critical stage of the prosecution and that an indigent defendant is entitled to the assistance of counsel, absent a waiver, at that stage of the proceedings.
Having determined that absent a waiver, an indigent defendant is entitled to the assistance of counsel in the preparation of a motion for a new trial, we must now determine whether the appellant in this case waived his right to the assistance of counsel in the preparation of his motion for new trial. Contrary to the State's contentions, the record does not reflect that the appellant waived his right to counsel and asserted the right to represent himself. In fact, the record reflects that the appellant requested the dismissal of his trial counsel and requested that another attorney be appointedto represent him. While the record contains a notation from the trial judge that the appellant had indicated a desire to represent himself on appeal and while the appellant did indicate in his sentencing hearing that he wanted all documents sent to him for purposes of his appeal, we can find no clear indication that the appellant knowingly and intelligently waived his right to counsel and asserted his right to proceed pro se, Faretta v. California, *Page 892 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and we will not infer one from the record in this case. It would appear that the appellant proceeded to represent himself because the trial court did not promptly appoint another attorney to represent the appellant when his trial counsel was allowed to withdraw. In the hearing conducted on the appellant's pro se motion for a new trial, the trial court informed the appellant that because it could not find anyone to represent the appellant, he would be allowed to represent himself on the motion for a new trial.
Accordingly, this cause is due to be, and it hereby is, remanded for appointment of counsel to assist the appellant in the preparation of his motion for a new trial. The trial court shall have 14 days from the date of this opinion in which to appoint counsel. Because the transcript is already completed, once counsel is appointed, counsel will have 30 days from the date of appointment in which to file the motion for a new trial. The appellant will have 28 days (4 weeks) after the trial court's ruling on the motion for new trial to serve and file his brief with this Court.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
[1] The Alabama Supreme Court held, "[T]hat if the trial court appoints new counsel to represent the defendant on appeal, the trial court shall note that fact on the case action summary sheet, and shall also note that the time within which to file a motion for a new trial is extended in such case, provided the following occurs: If newly appointed counsel files a motion with the court within 14 days after his appointment, requesting that the running of the time within which to file a motion for a new trial be suspended until such time as the reporter's transcript is prepared and filed, then in that event, the 30-day period within which to file a motion for a new trial shall be computed from the date the reporter's transcript is filed, which date shall be entered on the case action summary sheet, rather than from the date of the pronouncement of sentence, as provided for in Rule 24, A.R.Crim.P. Appellate counsel will then have the means to raise all appropriate issues before the trial court." Jackson, 598 So.2d at 897.
* Reporter of Decisions' note: Following the trial court's action on remand, the Court of Criminal Appeals, on February 26, 1993, dismissed the appeal, without opinion. *Page 1204