KELLUM, Judge.
 

 The appellant, Vito Gilmer, was convicted of murder, a violation of § 18A-6-2, Code of Alabama 1975, and assault in the third degree, a violation of § 13A-6-22, Code of Alabama 1975. The circuit court sentenced Gilmer to 40 years’ imprisonment for the murder conviction and to 1 year’s imprisonment for the third-degree assault conviction; the sentences were to run concurrently. The court also ordered Gilmer to pay $5,500 in restitution, $75 to the crime victims compensation fund, and court costs. This appeal followed.
 

 A detailed recitation of the facts is unnecessary to dispose of this appeal. However, the record establishes the following pertinent procedural history. After the jury rendered its verdict and the circuit court imposed its sentence, Gilmer, on February 1, 2008, filed a motion for a new trial. In his motion, Gilmer contended that he had learned of newly discovered evidence from a sister of a witness for the State tending to show that the witness had subsequently recanted her sworn testimony at trial. The witness was one of two state’s witnesses who had testified that Gilmer had threatened to kill one of the victims. Gilmer requested a hearing on his motion for a new trial.
 

 On March 13, 2008, the circuit court conducted a hearing on Gilmer’s motion for a new trial. Neither defense counsel nor Gilmer were present at the hearing. At the beginning of the hearing on the motion for a new trial, the following exchange occurred between the prosecutor and the circuit court:
 

 “[PROSECUTOR]: I just got off the phone with [defense counsel]. He is out of town this morning. He said that he didn’t know the hearing was set today and that he will be back on Friday. I believe we can get with Your Honor on Monday. I have got the basis for the motion for new trial was that newly discovered evidence that Ditara Belser’s sister Nichelle testified in trial [sic] stated that Nichelle recanted her testimony that she had given at the trial. I have Nichelle Belser.
 

 “THE COURT: Swear them in.”
 

 (Second Supplemental Record, 2.)
 

 Nichelle Belser and her sister, Ditara Belser, then testified at the hearing. Nic-helle Belser denied recanting her trial testimony. Ditara Belser testified that Nichelle had not told her that her trial testimony was untrue. The trial court subsequently denied Gilmer’s motion for a new trial.
 

 The dispositive issue raised by Gilmer on appeal is whether the circuit court erred by conducting a hearing on his motion for a new trial without him or his trial counsel present. The State concedes in its brief on appeal that the circuit court erred by holding a hearing on the motion for a new trial in the absence of Gilmer and his defense counsel.
 

 The Alabama Supreme Court has recognized that a hearing on a motion for a new trial is a critical stage of the proceedings.
 
 Ex parte Belue,
 
 727 So.2d 785 (Ala. 1998). Therefore, Gilmer was entitled to be represented by counsel during the proceedings on the motion for a new trial, absent a valid waiver.
 
 King v. State,
 
 613 So.2d 888 (Ala.Crim.App.1993);
 
 Casteel v. State,
 
 976 So.2d 505 (Ala.Crim.App.2007). There is no dispute that Gilmer’s counsel was not present at the hearing on his motion for a new trial, and the record
 
 *28
 
 contains no indication that there was a valid waiver of Gilmer’s right to counsel at that hearing. Accordingly, the trial court erred in conducting a hearing on the motion for a new trial without Gilmer’s counsel present.
 

 Moreover, we cannot conclude that the error was harmless. Gilmer claimed at trial that the shootings were accidental, i.e., that the gun went off in a struggle, killing one victim and wounding the other. Two witnesses, the victim of the assault and Nichelle Belser, testified at Gilmer’s trial that they heard Gilmer threaten to kill the murder victim. The two witnesses who said they heard Gilmer threaten the murder victim helped establish the requisite intent for murder.
 

 Gilmer alleged in his motion for a new trial that Nichelle Belser had recanted her trial testimony. At the hearing on that motion, when questioned by the prosecution, Nichelle denied recanting her testimony, and her sister testified that Nichelle had not indicated to her that she was recanting her testimony. We cannot speculate how Nichelle or her sister would have testified under a rigorous examination by defense counsel.
 

 “ ‘ “Unlike an appellate court, the trial judge hearing a motion for new trial reviews the evidence de novo and examines the record independently. The trial court ‘is under the duty to give the defendant the benefit of its independent conclusion as the sufficiency of credible evidence to support the verdict.’
 
 People v. Veitch,
 
 128 Cal.App.3d 460, 467, 180 Cal.Rptr. 412 (Div.Two 1982). The trial judge sits as the ‘18th juror’ in evaluating the weight of the evidence against the defendant. As a practical matter, the motion for a new trial is the defendant’s last opportunity for an unconstrained review on the merits of the evidence against him. On appeal, both jury conclusions and the factual decisions of the trial court are either immune from review or treated under a highly deferential standard. Consequently, the defendant’s failure to take full legal advantage of the statutory right substantially diminishes his ability to challenge the sufficiency of the evidence.
 

 “ ‘ “Not only are substantive rights involved but counsel can enable the defendant to protect these rights. An effective motion for a new trial ordinarily requires a lawyer’s understanding of legal rules and his experience in presenting claims before a court. The presence of trained counsel at this stage insures that the most favorable arguments will be presented and ‘that the accused’s interests will be protected consistently with our theory of criminal prosecution.’
 
 [U.S. v.] Wade,
 
 388 U.S. [218] at 227, 87 S.Ct. [1926] at 1932 [18 L.Ed.2d 1149 (1967) ].” ’ ”
 

 King v. State,
 
 613 So.2d at 890 (quoting
 
 Menefield v. Borg,
 
 881 F.2d 696, 699 (9th Cir.1989)).
 

 Accordingly, we remand this cause for the circuit court to conduct another hearing on the February 1, 2008, motion for a new trial at which both defense counsel and Gilmer shall be present. If Gilmer waives the assistance of counsel, the record should affirmatively reflect that there was a valid waiver of counsel. If the circuit court, following a hearing on the February 1, 2008, motion, determines that Gil-mer is entitled to relief, it is authorized to grant such relief as it deems necessary. The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days from the release of this opinion. The return to remand shall include a transcript of the remand proceedings.
 

 
 *29
 
 REMANDED WITH INSTRUCTIONS.
 

 WISE, P.J., and WELCH and WINDOM, JJ., concur.