[No. S152273. July 23, 2009.]

ANTHONY PORTER, Petitioner, v.
THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

J. Courtney Shevelson, under appointment by the Supreme Court; Glenn A. Nolte, Acting Public Defender, James S. Egar, Public Defender, and Romano Clark, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson and Dane R. Gillette, Chief Assistant Attorneys General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan, Seth K. Schalit and William Kuimelis, Deputy Attorneys General, for Real Party in Interest.

Tony Rackauckas, District Attorney (Orange), Mitchell Keiter, Deputy District Attorney; and W. Scott Thorpe for California District Attorneys Association as Amicus Curiae on behalf of Real Party in Interest.

## OPINION

**CORRIGAN, J.**—This is a companion case to *People v. Anderson* (2009) 47 Cal.4th 92 (*Anderson*), also filed today. In *Anderson*, we held that retrial of a penalty allegation on which a jury has deadlocked is not barred by constitutional double jeopardy principles or by Penal Code section 1023.[1] We also concluded that retrial may be limited to the deadlocked allegation alone and need not encompass the underlying offense.

Petitioner here raises the same arguments we addressed in *Anderson* but in a different procedural context. A jury convicted petitioner of all substantive offenses and found all attached penalty allegations and enhancements to be true. The trial court granted a new trial on some of these penalty factors. Sitting, in effect, as a "13th juror," the court concluded the allegations had not been proven beyond a reasonable doubt. (§ 1181, subd. 6 (hereafter section

---

[1] All statutory references are to the Penal Code.

1181(6)).) Petitioner then objected that a second trial on the sentencing allegations would violate double jeopardy. The trial court rejected that argument, but the Court of Appeal disagreed. Relying on language in *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*) requiring that certain sentencing factors be treated as the "functional equivalent" of elements of greater offenses, as compared with the underlying offense alone, the Court of Appeal concluded retrial of the penalty allegations would violate the double jeopardy clause and section 1023. Accordingly, that court issued a peremptory writ of mandate directing the trial court to dismiss the allegations. We reverse.

## BACKGROUND

Based on his participation in a driveby shooting, petitioner Anthony Porter was indicted on two counts of attempted murder, two counts of assault with a semiautomatic firearm, shooting at an inhabited dwelling, shooting from a motor vehicle, and carrying a loaded firearm registered to a different owner.[2] The indictment alleged that the attempted murders were committed willfully, deliberately, and with premeditation (§ 664, subd. (a)), and that all of the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). Enhancements to the attempted murder and assault charges were alleged for personal use of a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (c)). The jury convicted on all counts and found all the allegations true.

Petitioner sought a new trial under section 1181(6), arguing there was insufficient evidence to prove he acted with premeditation and deliberation, with intent to kill, or for the benefit of a street gang. The trial court rejected the argument relating to intent, observing, "It's impossible to summon up what the intent could have been under these circumstances if not the intent to kill . . . ." However, the court found it "a closer question" whether sufficient, credible evidence supported the finding of premeditation and deliberation. It conceded that some evidence supported premeditation, including testimony that petitioner's car drove past the victims two or three times before petitioner opened fire. But, "on balance, given the really uncontroverted evidence of [petitioner's] extreme intoxication in the hours preceding the shooting," the court did not believe petitioner acted with the more exacting mental state. The court also found the evidence of gang involvement to be weak. In the court's view, scant evidence showed the "Krazy Ass Pimps" gang was still in existence at the time of the shooting. The court characterized the testimony identifying petitioner as a member of this gang as "very, very

---

[2] We grant petitioner's unopposed request for judicial notice of the indictment and the motion for new trial. These two documents are relevant to our discussion but were not included in the record prepared for this writ proceeding.

vague." Accordingly, the court granted a new trial on the gang enhancements and the allegation of premeditation and deliberation.

After announcing this ruling, the trial court proceeded to sentencing. The court remarked that the People could request a date for a new trial on the premeditation allegation and gang enhancements, and if a jury later found them to be true petitioner could be resentenced. Petitioner's counsel agreed to this proposal. The court then imposed a total imprisonment of 25 years.

Several months later, petitioner filed a demurrer, along with a motion to dismiss, and entered pleas of former judgment and once in jeopardy (§ 1016, subds. 4, 5) with respect to the premeditation and gang allegations. Reasoning that these sentencing factors were elements of greater offenses under *Apprendi*, as construed by this court in *People v. Seel* (2004) 34 Cal.4th 535 [21 Cal.Rptr.3d 179, 100 P.3d 870] (*Seel*), petitioner argued the court lacked the power to grant a section 1181 motion as to an element alone and could not limit retrial to an element of an offense. Petitioner argued that, to grant relief under section 1181, the trial court either had to "reduce the verdict to a lesser included offense or order a new trial of the principal offense." In addition, based on the court's comments at the section 1181 hearing that "no" evidence supported the allegations, petitioner asserted that the court found the evidence legally insufficient to support the jury's verdicts, such that double jeopardy barred retrial. (See *Burks v. United States* (1978) 437 U.S. 1 [57 L.Ed.2d 1, 98 S.Ct. 2141].) The trial court rejected these arguments. Retrial of the sentencing allegations was stayed, however, when petitioner sought a writ of mandate.

In the Court of Appeal, petitioner renewed his arguments that double jeopardy barred further trial on the penalty allegations and that *Apprendi*, *supra*, 530 U.S. 466, precluded trial of the allegations alone because they constituted discrete elements of greater offenses. The Court of Appeal determined the granting of a new trial could *not* be construed as an implied acquittal of the sentencing allegations but agreed that *Apprendi* rendered the allegations the equivalent of elements of greater offenses. It remained skeptical whether a defendant who creates the need for a second trial by bringing a motion seeking precisely this relief can then claim double jeopardy. The court observed, "Retrial of a greater offense after a defendant has successfully brought a statutory new trial motion is not the type of governmental oppression or prosecutorial overreaching targeted by the double jeopardy clause." The court ultimately did not resolve the federal double jeopardy question because it concluded retrial of the allegations was barred by section 1023 and our holding in *People v. Fields* (1996) 13 Cal.4th 289 [52 Cal.Rptr.2d 282, 914 P.2d 832] (*Fields*). Based on its view that sentencing allegations are elements of an offense under *Apprendi*, it concluded that

retrial of the allegations alone would be no different from having piecemeal jury trials of discrete elements of an offense, a prospect at odds with the Sixth Amendment's jury trial guarantee.

The Court of Appeal directed the trial court to dismiss the premeditation and gang enhancement allegations. We granted review to decide whether double jeopardy principles permit retrial of a penalty allegation after the jury's verdict is found "contrary to . . . evidence" under section 1181(6).

## DISCUSSION

### I.  *Order Granting New Trial Is Not Equivalent to an Acquittal*

■ In the trial court, a defendant may attack the evidence against him in two ways. A motion under section 1118.1 seeks a *judgment of acquittal* for insufficient evidence. It may be made at the close of the prosecution's case or at the close of the defense evidence, before the case is presented to a jury. (§ 1118.1.) A motion under section 1181(6) seeks a *new trial* because the verdict is "contrary to law or evidence." The court performs significantly different tasks under these two provisions.

■ In ruling on an 1118.1 motion for judgment of acquittal, the court evaluates the evidence in the light most favorable to the prosecution. If there is any substantial evidence, including all inferences reasonably drawn from the evidence, to support the elements of the offense, the court must deny the motion. (*People v. Mendoza* (2000) 24 Cal.4th 130, 175 [99 Cal.Rptr.2d 485, 6 P.3d 150]; see also *People v. Harris* (2008) 43 Cal.4th 1269, 1286 [78 Cal.Rptr.3d 295, 185 P.3d 727].) In considering this legal question, "a court does not ' "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." [Citation.] Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.]" (*People v. Lagunas* (1994) 8 Cal.4th 1030, 1038, fn. 6 [36 Cal.Rptr.2d 67, 884 P.2d 1015] (*Lagunas*).) This test is the same as that used by appellate courts in deciding whether evidence is legally sufficient to sustain a verdict. (*Ibid.*; see also *People v. Harris*, at p. 1286.) The grant of a judgment of acquittal under section 1118.1 bars "any other prosecution for the same offense." (§ 1118.2.) Because the prosecution had a full opportunity to prove the facts necessary for a conviction but failed to do so, double jeopardy bars a second bite at the

apple. (*Hudson v. Louisiana* (1981) 450 U.S. 40, 43–44 [67 L.Ed.2d 30, 101 S.Ct. 970]; *Burks v. United States, supra,* 437 U.S. at pp. 16–18.)[3]

■ A grant under section 1181(6) is different. The court extends no evidentiary deference in ruling on a section 1181(6) motion for new trial. Instead, it independently examines all the evidence to determine whether it is sufficient to prove each required element beyond a reasonable doubt *to the judge,* who sits, in effect, as a "13th juror." (*Lagunas, supra,* 8 Cal.4th at p. 1038 & fn. 6; see also *People v. Davis* (1995) 10 Cal.4th 463, 523–524 [41 Cal.Rptr.2d 826, 896 P.2d 119]; *People v. Serrato* (1973) 9 Cal.3d 753, 761 [109 Cal.Rptr. 65, 512 P.2d 289] (*Serrato*), overruled on another ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1 [189 Cal.Rptr. 855, 659 P.2d 1144].) If the court is not convinced that the charges have been proven beyond reasonable doubt, it may rule that the jury's verdict is "contrary to [the] . . . evidence." (§ 1181(6); see *People v. Veitch* (1982) 128 Cal.App.3d 460, 467–468 [180 Cal.Rptr. 412].) In doing so, the judge acts as a 13th juror who is a "holdout" for acquittal. Thus, the grant of a section 1181(6) motion is the equivalent of a mistrial caused by a hung jury. (*Veitch v. Superior Court* (1979) 89 Cal.App.3d 722, 727 [152 Cal.Rptr. 822].) We have repeatedly held that an order granting a new trial under section 1181(6) is not an acquittal and does not bar retrial on double jeopardy grounds. (*Lagunas,* at pp. 1038–1039; *Serrato,* at p. 761.)

■ Significantly, a court has no authority to grant an acquittal in connection with an 1181 motion. (*Serrato, supra,* 9 Cal.3d at p. 762.) "[A] trial court considering a section 1181 motion to modify a verdict on the ground that it is contrary to the evidence is limited to the three options specified in the statute: (1) It can set aside the verdict of conviction and grant the defendant a new trial; (2) it can deny the motion and enter judgment on the verdict reached by the jury; or (3) it can modify the verdict either to a lesser degree of the crime reflected in the jury verdict or to a lesser included offense of that crime as specified by [section 1181(6)]." (*Lagunas, supra,* 8 Cal.4th at p. 1039, italics omitted.) Whereas a jury must *acquit* if it finds the evidence insufficient, a trial court ruling on an 1181 motion may only grant the defendant a *new trial* if it is not convinced of guilt beyond a reasonable doubt. (*Serrato,* at p. 762.) This rule permits trial court oversight of the verdict but ensures that the People, like the defendant, have the charges resolved by a jury.

The trial court here chose the first of the *Lagunas* options and set the allegations for a new trial. However, this ruling cannot be construed as an

---

[3] Petitioner did bring a motion for acquittal before his case was submitted to the jury. The motion was denied.

express or implied acquittal triggering constitutional double jeopardy protections. (*Lagunas*, *supra*, 8 Cal.4th at p. 1038 & fn. 6; *Serrato*, *supra*, 9 Cal.3d at p. 761.)

## II. *Double Jeopardy Does Not Bar Retrial Under Section 1181*

■ The next question is whether these relatively straightforward principles have been altered by the United States Supreme Court's holding in *Apprendi*, *supra*, 530 U.S. 466, at least as they apply to sentencing allegations. In *Apprendi*, the high court rejected any distinction between "elements" and "sentencing factors" for purposes of determining a criminal defendant's rights under the Sixth Amendment. (*Apprendi*, at p. 494.) Except for facts relating to a prior conviction, the court held, "*any* fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490, italics added.) In explaining this holding, the court reasoned that "when the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the *functional equivalent* of an element of a greater offense than the one covered by the jury's guilty verdict." (*Id.* at p. 494, fn. 19, italics added; see also *People v. Sengpadychith* (2001) 26 Cal.4th 316, 326 [109 Cal.Rptr.2d 851, 27 P.3d 739] (*Sengpadychith*).) But, as discussed in greater detail below, the application of *Apprendi* in these circumstances means only that a defendant is entitled to a jury determination of facts that would support an increased sentence.

■ The sentencing allegations in this case come within *Apprendi*'s holding because, if found true, they will increase the penalty for petitioner's attempted murder offenses beyond the statutory maximum. The crime of attempted murder carries a determinate sentence of five, seven, or nine years. (§§ 187, 664, subd. (a).) However, if the jury finds the attempted murder was willful, deliberate, and premeditated, the defendant must be sentenced to life imprisonment with the possibility of parole. (*Ibid.*; see *Seel*, *supra*, 34 Cal.4th at pp. 540–541.) This substantial increase in potential penalty brings a section 664, subdivision (a) premeditation allegation under the *Apprendi* rule. (*Seel*, at p. 548; see also *Sengpadychith*, *supra*, 26 Cal.4th at p. 327.)

■ Whether the gang enhancements would increase the penalty for attempted murder in this case is more difficult to discern. In general, a true finding on the allegation that a defendant has attempted murder for the benefit of a criminal street gang will increase the defendant's sentence by an additional five years in the case of a serious felony (§ 186.22, subd. (b)(1)(B)), or 10 years when attached to a violent felony (*id.*, subd. (b)(1)(C)). However, if the defendant is already subject to a life sentence because of a conviction

for attempted murder with deliberation and premeditation, section 186.22 does not increase the punishment beyond this indeterminate life term. Instead, it sets a minimum term of 15 years before the defendant may be considered for parole. (*Id.*, subd. (b)(5); see *Sengpadychith, supra,* 26 Cal.4th at p. 327.) Under these circumstances, a section 186.22 gang enhancement does not *increase* the defendant's sentence, and thus it is not subject to *Apprendi.* (*Sengpadychith,* at p. 327.) Because a new jury has not yet decided the issue of premeditation in this case, there is still a potential for the gang enhancements to increase petitioner's total sentence. For purposes of the issues presented here, we assume this potential brings the enhancements within the scope of *Apprendi*'s directive that they be treated, for certain purposes, as the "functional equivalent of an element of a greater offense." (*Apprendi, supra,* 530 U.S. at p. 494, fn. 19.)

The Court of Appeal applied *Apprendi*'s "functional equivalen[ce]" language to conclude that a penalty provision or sentence enhancement cannot be separated from the underlying offense and must be considered, for all purposes, as an element of a greater offense. This misinterpretation led the court to confront a double jeopardy problem under section 1023 and our holding in *Fields, supra,* 13 Cal.4th 289.[4]

■ Section 1023 states: "When the defendant is convicted or acquitted or has been once placed in jeopardy upon an accusatory pleading, the conviction, acquittal, or jeopardy is a bar to another prosecution for the offense charged in such accusatory pleading, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that accusatory pleading." In *Fields,* we held that section 1023 prohibits the retrial of a greater offense after a defendant's conviction of a lesser included offense even when there has been no express or implied acquittal of the greater offense. (*Fields, supra,* 13 Cal.4th at p. 307.) As discussed at greater length in *Anderson, supra,* 47 Cal.4th at pages 113–115, our decision in *Fields* was grounded on the "acquittal first" rule, which requires that a jury be instructed it must acquit the defendant of a greater offense before it returns a verdict on any lesser included offense. (*Fields,* at p. 309; see *People v. Kurtzman* (1988) 46 Cal.3d 322, 329–330 [250 Cal.Rptr. 244, 758 P.2d 572].) We reasoned that a jury's verdict on a lesser included offense alone is "mistaken in law," and section 1023 requires that the

---

[4] Petitioner apparently did not raise a federal double jeopardy claim. If he had, it would have been foreclosed by Supreme Court authority. In *Tibbs v. Florida* (1982) 457 U.S. 31 [72 L.Ed.2d 652, 102 S.Ct. 2211], the high court held federal double jeopardy principles do not bar retrial after a reversal on the ground that the verdict is against the weight of the evidence. "When the State has secured one conviction based on legally sufficient evidence, it has everything to lose and little to gain by retrial. Thus, the type of 'second chance' that the State receives when a court rests reversal on evidentiary weight does not involve the overreaching prohibited by the Double Jeopardy Clause." (*Id.* at p. 43, fn. 19.)

consequences of this mistake must be borne by the People, not the defendant. (*Fields*, at pp. 310–311.) Accordingly, a conviction of the lesser offense alone will bar the People from retrying the greater offense notwithstanding the jury's deadlock on that charge. (*Id.* at p. 311.)

However, our holding in *Fields* is limited to greater and lesser included offenses and does not apply to sentencing enhancements or penalty allegations, which the jury does not address until after it has reached a verdict on the underlying offense. As we noted in *Anderson*, this court has never held that a jury's conviction of an offense alone, without an accompanying acquittal on alleged penalty factors, is a mistaken or illegal verdict. Petitioner's attempt to extend *Fields* to the circumstances here is even more problematic. Petitioner's jury did not return an irregular or mistaken verdict. It found petitioner guilty of every offense and allegation set before it. The only conflicting findings in this case occurred when the trial judge granted petitioner's new trial motion.

■ Petitioner does not cite, nor have we found, any case applying section 1023 or our holding in *Fields, supra*, 13 Cal.4th 289, to the situation that arises when a court grants a defendant's motion for new trial because it disagrees with the jury's evaluation of the evidence. A fundamental problem with petitioner's position is that he *sought* a new trial by bringing a section 1181 motion. Section 1180 expressly provides that "[t]he granting of a new trial places the parties in the same position *as if no trial had been had*. All the testimony must be produced *anew* . . . ." (Italics added.) In filing a motion for new trial, petitioner impliedly waived any double jeopardy protections he might have had under state law, just as if he had consented to a mistrial. (See, e.g., *Serrato, supra*, 9 Cal.3d at p. 759 ["It is a familiar principle that a defendant who has succeeded in having his conviction set aside impliedly waives any objection to being retried on the charge of which he was convicted."]; see also 6 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Criminal Judgment, § 90, p. 121 ["A new trial can only be granted on the *defendant's* motion"].) A contrary result would mean that any time a trial court enters judgment on a jury's conviction of a substantive offense but grants an 1181 new trial motion on a sentencing allegation, retrial of the allegation would be barred. In such cases, an 1181 ruling would have the same effect as an acquittal. Yet the law is well settled that a court reviewing the jury's verdict under section 1181 lacks the power to acquit the defendant based on the court's view of the evidence. (*Serrato*, at p. 762.) The Court of Appeal's extension of *Fields* to cover rulings on new trial motions thus undermines the limits on trial court authority that the Legislature established in section 1181, and runs counter to the provisions of section 1180.

Another problem with applying *Fields* to petitioner's case is the lack of authority for extending this statutory double jeopardy protection to sentencing allegations. We rejected the application of section 1023 to penalty allegations in *People v. Bright* (1996) 12 Cal.4th 652 [49 Cal.Rptr.2d 732, 909 P.2d 1354] (*Bright*), a case the Court of Appeal's opinion does not mention. We explicitly held in *Bright* that "a defendant's conviction of the underlying substantive offense does not (on double jeopardy grounds) bar further proceedings, such as retrial, on a penalty allegation. [Citation.] Thus, the circumstance that the jury has returned a verdict on the underlying offense, but is unable to make a finding on the penalty allegation, does not constitute an 'acquittal' of (or otherwise bar retrial of) the penalty allegation on the ground of double jeopardy. [Citations.]" (*Id.* at pp. 661–662.)

For reasons explained more fully in *Anderson*, our double jeopardy holding in *Bright* remains good law despite intervening pronouncements of the United States Supreme Court. *Apprendi* required us to reconsider the constitutional double jeopardy consequences of an *acquittal* on a penalty allegation (see *Seel, supra,* 34 Cal.4th at pp. 547–550), but *Apprendi* does not control the statutory double jeopardy protection California provides in section 1023 when there has been no express or implied acquittal.

In the context of a Sixth Amendment analysis, the Supreme Court in *Apprendi* described sentence enhancements as the "functional equivalent" of elements of greater offenses. (*Apprendi, supra,* 530 U.S. at p. 494, fn. 19.) This characterization means only that a defendant is entitled to have a jury determine whether those *facts* supporting an increased sentence have been proven beyond a reasonable doubt. The high court chose its language carefully and has expressed no intention to alter state law procedures that have no bearing on the jury trial right. Indeed, when the court recently held that *Apprendi* does not govern the decision whether to impose concurrent or consecutive sentences, it explicitly recognized states' sovereign interest in administering their own criminal justice systems. (*Oregon v. Ice* (2009) 555 U.S. ___, ___–___ [172 L.Ed.2d 517, 129 S.Ct. 711, 718–719].)

We recently rejected the notion that the high court's "functional equivalent" statement requires us to treat penalty allegations as if they were actual elements of offenses for all purposes under state law. (*People v. Izaguirre* (2007) 42 Cal.4th 126, 133–134 [64 Cal.Rptr.3d 148, 164 P.3d 578] (*Izaguirre*).) Specifically, we held that *Apprendi* did not convert conduct enhancements into offenses for purposes of our rule that multiple convictions may not be imposed for necessarily included offenses. (*Izaguirre,* at p. 134.)

Because "enhancements are not legal elements of the offenses to which they attach" under California law, and because *Apprendi* did not change this aspect of our state law, we concluded enhancements should not be considered in defining necessarily included offenses under the multiple conviction rule. (*Izaguirre*, at p. 128.)

The same analysis applies to petitioner's claims. *Apprendi* did not convert the penalty allegations here into actual elements of greater offenses for purposes of the statutory double jeopardy protection of section 1023. Thus, petitioner's conviction of the underlying attempted murder offenses did not bar retrial of the allegations. (*Bright, supra,* 12 Cal.4th at p. 661.)[5]

Finally, in his briefing to this court, petitioner argues for the first time that retrial of the allegations is impermissible under section 654, which prohibits punishment under different code provisions for a single "act or omission." This claim was not raised in the trial court or the Court of Appeal. At this late stage of the proceedings, we consider it waived. Moreover, it has long been settled that section 654 addresses punishment alone. It does not bar multiple *convictions* for different crimes based on the same act. (See § 954; *People v. Reed* (2006) 38 Cal.4th 1224, 1226–1227 [45 Cal.Rptr.3d 353, 137 P.3d 184].)

III. *Scope of Retrial*

Although the Court of Appeal believed retrial of the sentencing allegations was barred by section 1023 and *Fields*, it nevertheless opined that such allegations may never be tried in isolation because a defendant's right to a jury trial requires that a single jury decide all elements of an offense. For the reasons just discussed, the premise of this assertion fails. Penalty allegations are *not* elements of an offense under California law. (*People v. Wims* (1995) 10 Cal.4th 293, 307 [41 Cal.Rptr.2d 241, 895 P.2d 77], overruled on another ground in *Sengpadychith, supra,* 26 Cal.4th at p. 326.)

Moreover, requiring an expanded scope of retrial after the granting of a new trial motion would pose serious practical difficulties, as petitioner's case illustrates. He sought a new trial, urging the court to disagree with the jury's conviction on the attempted murders and true findings on the attached premeditation and gang allegations. The trial court upheld the verdicts of attempted murder, concluding the evidence was "certainly sufficient" to support them. Nevertheless, under the Court of Appeal's view, every element of these attempted murder offenses would have to be retried because the trial

---

[5] Having reached this conclusion, we decline the invitation of amicus curiae California District Attorneys Association to abandon *Fields, supra,* 13 Cal.4th 289, and adopt a more expansive construction of the "acquittal first" doctrine.

court disagreed with the jury's findings on some of the penalty allegations attached to them. In issuing its dictum, the Court of Appeal chose not to address what, if anything, the second jury would be told of petitioner's prior conviction on the attempted murder charges. Nor did it explain what would become of that conviction, or of the first jury's true finding on an attached firearm enhancement (§ 12022.53, subd. (c)),[6] if the second jury reached a different conclusion. As a practical matter, there can be little doubt that a rule requiring retrial of the underlying offense along with a challenged sentencing allegation could result in some, if not all, of the first jury's verdict being ignored or superseded *even though* much of this verdict has not been challenged or has been determined to be sound. Such disregard for valid jury findings cannot be what the Supreme Court intended when it clarified the scope of the Sixth Amendment jury trial right in *Apprendi*.

Finally, petitioner makes a statutory argument for an expanded scope of retrial. Quoting the portion of section 1180 that states the "granting of a new trial places the parties in the same position as if no trial had been had," petitioner argues he was entitled to "a whole new trial . . . at which no reference could be made to former verdicts or findings." Petitioner cites no authority for this conclusion, and we will not adopt such an all-or-nothing interpretation of the relief available on a new trial motion. Section 1181(6) permits the trial court to grant a "new trial" when "the verdict or finding is contrary to law or evidence," and section 1179 defines "new trial" as "a reexamination of the *issue.*" (Italics added.) Read together, these provisions allow the court to grant a new trial on an "issue," i.e., on an offense or a sentencing allegation, if the court concludes the jury's finding on that issue is contrary to the evidence. Under petitioner's view, if a trial court wished to order a new trial because it independently found the evidence insufficient to support a single jury finding in a case involving multiple charges and allegations, that retrial would have to encompass *all* charges and allegations, even the ones for which the jury's verdict was unobjectionable.[7] We have never interpreted the new trial statutes in this manner, and there is no indication the Legislature intended to foreclose trial courts' ability to grant new trials on a limited issue under section 1181(6).

---

[6] Petitioner did not challenge these findings in his new trial motion, and a sentence for the enhancement was imposed.

[7] It is no answer to say that the court could avoid this problem by modifying the verdict to a lesser degree of the offense or to a lesser included offense. (See § 1181(6) [permitting such modification].) The statute gives the trial court the choice between granting a new trial and modifying the verdict in this manner. Petitioner's interpretation could render this choice all but illusory in multiple-count cases, in which the new trial option would be excessively burdensome for the court and unfair to the People.

## DISPOSITION

The judgment of the Court of Appeal is reversed. The matter is remanded to the Court of Appeal for entry of an order lifting the stay of proceedings and denying the petition for writ of mandate.

George, C. J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.

**KENNARD, J.,** Concurring.—In this case, the court rejects a claim that retrial of an allegation that defendant's commission of an attempted murder was "willful, deliberate, and premeditated" would violate the constitutional prohibition against trying a criminal defendant twice for the same offense. (U.S. Const., 5th Amend.; see also Cal. Const., art. I, § 15.) This decision mirrors the holding of the majority in *People v. Bright* (1996) 12 Cal.4th 652 [49 Cal.Rptr.2d 732, 909 P.2d 1354] (*Bright*). I thought this court was wrong in *Bright*, and I said so in a dissenting opinion. (*Id.* at pp. 683–693 (dis. opn. of Kennard, J.).) I still hold that view. I write separately to explain why I nonetheless join today's decision.

### I

Because this court's decision in *Bright*, *supra*, 12 Cal.4th 652, plays a significant role in this case, I discuss it in considerable detail. The defendant there was charged with attempted murder (Pen. Code, §§ 187, 664, subd. (a)),[1] which the prosecution alleged was "willful, deliberate, and premeditated" (§ 664, subd. (a)). Such an allegation, if found to be true, would increase the sentence for attempted murder from five, seven, or nine years to mandatory life imprisonment with the possibility of parole. (*Ibid.*)

The jury in *Bright* convicted the defendant of attempted murder. But it was unable to reach a verdict on whether commission of the crime was willful, deliberate, and premeditated. When the trial court ordered a retrial on that issue, the defendant argued that retrial would violate the constitutional principle prohibiting double jeopardy. (See *Ex parte Nielsen* (1889) 131 U.S. 176, 188 [33 L.Ed. 118, 9 S.Ct. 672] [when a defendant "has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offence."].) The trial court agreed with the defendant; it then imposed a sentence for attempted murder, dismissing the "willful, deliberate, and premeditated" allegation. After the Court of Appeal reversed the order of dismissal, this court granted the defendant's petition for review. (*Bright*, *supra*, 12 Cal.4th at pp. 657–660.)

---

[1] Further undesignated statutory references are to the Penal Code.

The majority in *Bright* affirmed the Court of Appeal, holding that the constitutional prohibition against double jeopardy did not bar a retrial of the allegation in question. (*Bright, supra,* 12 Cal.4th at pp. 660–671.) The defendant had argued that attempted murder was divided into two degrees: attempted second degree murder being a lesser degree included within attempted willful, deliberate, and premeditated first degree murder. Therefore, according to the defendant, retrial of the "willful, deliberate, and premeditated" allegation would be trying him for a greater degree of the same offense. (*Id.* at p. 668.) The majority in *Bright* rejected that contention. (*Id.* at pp. 668–669.) Instead, it construed section 664, subdivision (a), which defines an attempt, as simply "prescribing an *additional penalty* for attempted murder where the jury finds true as charged the aggravating circumstance that the offense was willful, deliberate, and premeditated . . . ." (*Bright, supra,* 12 Cal.4th at p. 668, italics added.) Under that construction, "a defendant's conviction of the underlying substantive offense [would] not (on double jeopardy grounds) bar further proceedings, such as retrial, on a penalty allegation." (*Id.* at p. 661, citing *People v. Bryant* (1992) 10 Cal.App.4th 1584, 1597–1598 [13 Cal.Rptr.2d 601].)

I dissented in *Bright, supra,* 12 Cal.4th at pages 683–693 (dis. opn. of Kennard, J.). So did Justice Stanley Mosk, in a separate opinion. (*Id.* at pp. 671–683 (dis. opn. of Mosk, J.).) Each of us concluded that double jeopardy principles barred retrial of the allegation that the attempted murder was willful, deliberate, and premeditated.

Unlike the majority in *Bright,* I construed attempted murder and attempted willful, deliberate, and premeditated murder to comprise two degrees of the same crime. (*Bright, supra,* 12 Cal.4th at p. 687 (dis. opn. of Kennard, J.).) I stated: "Simple attempted murder is, in essence, attempted second degree murder, that is, attempted murder not falling in any of the categories . . . that elevate murder from the second to the first degree." (*Ibid.,* italics omitted.) I reasoned that if the defendant attempted " 'willful, deliberate, and premeditated murder,' " that would be attempted first degree murder, in which case the jury's conviction for "the lesser included crime of attempted second degree murder" would preclude convicting the defendant of a greater degree of the same crime. (*Ibid.,* italics omitted; see *Ex parte Nielsen, supra,* 131 U.S. at p. 188.) Dissenting separately, Justice Mosk reached the same conclusion. (*Bright, supra,* at pp. 671–683 (dis. opn. of Mosk, J.).)

My disagreement with the majority in *Bright, supra,* 12 Cal.4th 652, did not center on any constitutional principle. Instead, it hinged solely on the different views we took of the statutory definition of attempted murder. The *Bright* majority's statutory construction is now, with a limited exception discussed below, the settled law of this state. As I have noted in the past,

"repetition of dissenting views is rarely justified." (*People v. Stansbury* (1993) 4 Cal.4th 1017, 1073 [17 Cal.Rptr.2d 174, 846 P.2d 756] (conc. opn. of Kennard, J.).) Thus, following the doctrine of stare decisis, I " 'yield to the obligation . . . to live with the law as it has been stated.' " (*Ibid.*)

I now address the case at hand.

## II

Here, a jury convicted defendant of two counts of attempted murder (§ 187), and it determined that in each instance defendant attempted to commit a "willful, deliberate, and premeditated murder" (§ 664, subd. (a)). (As noted earlier, such a finding increases the punishment for attempted murder from five, seven, or nine years to a mandatory life term with the possibility of parole. (§ 664, subd. (a).)) Ruling on defendant's motion for a new trial (§ 1181, subd. 6), the trial court granted the motion only as to the allegations that the two attempted murders were willful, deliberate, and premeditated.

This court has long held that the granting of a new trial under section 1181, subdivision 6, "is 'not an acquittal' " and thus does not implicate the constitutional prohibition against double jeopardy. (*People v. Lagunas* (1994) 8 Cal.4th 1030, 1038 [36 Cal.Rptr.2d 67, 884 P.2d 1015].) Is this rule affected by the United States Supreme Court's sentencing decision in *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*), when, as in this case, the granting of a new trial pertains to a sentencing allegation?

As relevant here, *Apprendi* held that "when the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the *functional equivalent* of an element of a greater offense . . . ." (*Apprendi, supra,* 530 U.S. at p. 494, fn. 19, italics added.) In this case, the Court of Appeal held that the sentencing allegation that an attempted murder was willful, deliberate, and premeditated was, in the language of *Apprendi,* the "functional equivalent of an element of a greater offense" of attempted willful, deliberate, and premeditated murder. In effect, the Court of Appeal held that this court's decision in *Bright, supra,* 12 Cal.4th 652, was no longer good law in light of *Apprendi.*

The majority reverses the Court of Appeal. I agree. As the majority explains (maj. opn., *ante,* at pp. 137–138), the *Apprendi* language in question pertains to the federal Constitution's Sixth Amendment right to jury trial, an issue not implicated here. More specifically, as explained in the companion case of *People v. Anderson* (2009) 47 Cal.4th 92, 105–107, *Apprendi* holds

that a sentencing allegation that increases the statutory maximum penalty is the "functional equivalent" of an element of a greater crime, thus entitling the defendant to a jury trial on each of that crime's elements. (*Apprendi, supra,* 530 U.S. at p. 490 ["Other than the fact of a prior conviction, *any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury,* and proved beyond a reasonable doubt." (Italics added.)].) Thus, *Apprendi* requires that a jury decide whether an attempted murder was willful, deliberate, and premeditated. But there is nothing in *Apprendi* that would preclude the prosecution in this case from retrying defendant before a different jury on the sentencing allegations in question. (As mentioned earlier, the trial court sustained the jury's findings that defendant committed two counts of attempted murder, but the court granted a new trial on the allegations that those attempted murders were willful, deliberate, and premeditated.)

Nor does this case fall within the limited exception to the majority's holding in *Bright, supra,* 12 Cal.4th 652. Under that exception, the double jeopardy prohibition *does apply* to retrial of a sentencing allegation that an attempted murder was willful, deliberate, and premeditated. That exception was carved out in *People v. Seel* (2004) 34 Cal.4th 535 [21 Cal.Rptr.3d 179, 100 P.3d 870] (*Seel*), which is discussed in the companion case of *People v. Anderson, supra,* 47 Cal.4th at pages 106–108.

In *Seel,* this court followed the teachings of *Apprendi, supra,* 530 U.S. 466, and concluded that the double jeopardy prohibition barred retrial of the "willful, deliberate, and premeditated" allegation in an attempted murder case after the Court of Appeal's determination that the evidence was insufficient with respect to " 'premeditation and deliberation.' " (*Seel, supra,* 34 Cal.4th at pp. 540, 550.) *Seel* distinguished this court's earlier decision in *Bright, supra,* 12 Cal.4th 652, as arising in a different procedural posture: In *Seel,* "the Court of Appeal reversed the judgment based on its determination of evidentiary insufficiency," whereas in *Bright* "[n]either a court nor a jury made a determination that the prosecution failed to prove its case." (*Seel, supra,* at p. 550.) *Seel* expressly overruled *Bright,* but only to the extent that *Bright* "conflict[ed] with intervening high court decisions as discussed [in *Seel*]," mainly *Apprendi, supra,* 530 U.S. 466. (*Seel, supra,* at p. 550, fn. 6.) As articulated in *Seel,* the "conflict" that *Seel* perceived between the high court's decision in *Apprendi* and the majority opinion in *Bright* is limited to cases involving evidentiary insufficiency.

The case at bench pertains to a trial court's grant of new trial (§ 1181, subd. 6) on a sentencing allegation, a ruling that does not implicate evidentiary insufficiency (see *People v. Lagunas, supra,* 8 Cal.4th at p. 1038 [granting of new trial " 'not an acquittal' "]). Thus, when, as here, evidentiary insufficiency is not an issue, this court's decision in *Bright, supra,* 12

Cal.4th at page 669, remains controlling law. This means that with respect to defendant's retrial in this case on the "willful, deliberate, and premeditated" sentencing allegation, that allegation is not an element of the offense of attempted murder, and retrial on that issue does not violate double jeopardy principles.

For these reasons, I agree with the majority that the Court of Appeal erred in holding that retrial of the allegations in question would violate the constitutional principle of not putting a defendant twice in jeopardy for the same offense.