KENNARD, J., Concurring.
Here, the court holds, among other things, that an indictment may be set aside under Penal Code section 995 on the ground that the grand jury was wrongly instmcted on the mental state required for an *418 offense. (Maj. opn., ante, at pp. 377, 404.) This holding is logically compelled by Cummiskey v. Superior Court (1992) 3 Cal.4th 1018 [13 Cal.Rptr.2d 551, 839 R2d 1059] (Cummiskey), which held that a claim of instructional error regarding the standard of proof is cognizable under Penal Code section 995. (Cummiskey, supra, at p. 1022, fn. 1.) I dissented on that point in Cummiskey, arguing that Penal Code section 995 does not authorize a court to set aside an indictment on the ground of instructional error. (Cummiskey, at pp. 1038-1040 (conc. & dis. opn. of Kennard, J.).) But Cummiskey now has the force of precedent, and, as I have stated before, “reiteration of dissenting views is rarely justified.” (International Society for Krishna Consciousness of California, Inc. v. City of Los Angeles (2010) 48 Cal.4th 446, 461 [106 Cal.Rptr.3d 834, 227 P.3d 395] (conc. opn. of Kennard, J.); see also Porter v. Superior Court (2009) 47 Cal.4th 125, 142 [97 Cal.Rptr.3d 103, 211 P.3d 606].) Therefore, I join in the majority’s holding on this issue.