Filed 10/20/20  P. v. Gomez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERT GOMEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B302102<br>(Super. Ct. No. 2017028765)<br>(Ventura County) |

Albert Gomez was stopped for driving under the influence after sitting in a bar and drinking for eight hours. When the officer asked if he had been drinking, appellant responded, "Oh, yeah.  I'm fucked."  A jury convicted him of felony driving under the influence of alcohol (DUI) (count 1; Veh. Code, § 23152, subd. (a))[1] and driving with a 0.08 percent or more blood alcohol level (count 2; § 23152, subd. (b)).  Appellant admitted three prior DUI convictions and was granted five years

---

[1] All statutory references are to the Vehicle Code unless otherwise stated.

probation with 300 days county jail. He appeals, contending that the trial court erred in not dismissing count 2 (Pen. Code, § 1118.1), that rebuttal testimony on the retrograde extrapolation of appellant's blood alcohol content (BAC) was inadmissible, and that the CALCRIM Nos. 2110 and 2111 permissive inference instructions violated appellant's due process right to a fair trial. We affirm.

*Facts*

On August 13, 2017, California Highway Patrol Sergeant Deanna Brummett saw appellant drift out of his highway lane onto the right shoulder. Appellant jerked the Chevy Suburban back into the number three lane, then swerved into the number two lane. Transitioning onto Highway 126, appellant drifted on to the right shoulder, swerved into the number one lane, and jerked back to the number two lane.

Sergeant Brummett activated her overhead lights and alternating headlights, but appellant was slow to react. Using the patrol car's public address system, Sergeant Brummett directed appellant to take the next exit at Victoria Avenue and stop on a side street near the Ventura County jail. Appellant did so but hit the raised curb with his front right tire. It was 1:23 a.m. in the morning. As Sergeant Brummett walked up to the vehicle, appellant blurted out, "I'm so fucked. I had a chance not to drive and chose to [drive] anyway." Appellant smelled of alcohol, his eyes were red and glassy, and his speech was slurred.

California Highway Patrol Officer Christopher Byrd stopped to assist and administered field sobriety tests. Appellant said he just left the Star Lounge in Ventura and drank five beers between 9:00 p.m. and 1:00 a.m. Appellant failed the field sobriety tests and blew into an Alco-Sensor device, registering a

2

.095 and .099 percent BAC. Officer Byrd patted appellant down before transporting him and saw that appellant had urinated in his pants. At the jail facility, two breath alcohol tests were administered at 1:53 and 1:56 a.m., registering a .093 percent and .092 percent BAC.

Chrystal Craver, an alcohol toxicology expert, testified that an adult with a BAC of .08 percent or higher is too impaired to drive safely. Alcohol intoxication is manifested by slurred speech, difficultly standing or walking, the lack of fine motor skills, and difficulty visually tracking an object in what is called a Horizontal Gaze Nystagmus (HGN) test. Craver said the HGN test is accurate. (See *Coffey v. Shiomoto* (2015) 60 Cal.4th 1198, 1212-1213 (*Coffey*) [quoting National Highway Traffic Safety Administration study that HGN test, when administered by a trained officer, is "*extremely accurate in discriminating between BACs above and below 0.08 percent*"].)

Craver stated that a standard alcoholic drink (i.e., one 12-ounce beer) would raise a BAC by .015 percent. A BAC of .09 percent required the consumption of six beers without factoring in a "burn-off" rate of .018 percent per hour. Applying a conservative burn-off rate of .015 percent per hour, Craver opined that appellant drank more than six beers before the traffic stop.

Appellant defended on the theory that his BAC was rising and below .08 percent at time of driving. Appellant said that he arrived at the bar at 5:00 p.m., drank his first beer at 9:00 p.m., and drank two beers after midnight. In rebuttal, the prosecution asked Craver to make a retrograde extrapolation of appellant's BAC based on the assumption that appellant started drinking at 5:00 p.m., consumed five beers, stopped drinking at 1:00 a.m., and had a BAC of .092 percent at 1:53 a.m. and a BAC of .092

3

percent at 1:56 a.m. Craver opined that appellant's BAC would be .10 percent at time of driving. If the last beer was consumed prior to driving between 12:17 a.m. and 1:00 a.m. (i.e., had not yet been absorbed in the blood), appellant's BAC would be .085 percent.

*Motion to Dismiss*

Appellant argues that the trial court erred in not dismissing count 2 (§ 23152, subd. (b); driving with a BAC of .08 percent or more) for insufficient evidence. (Pen. Code, § 1118.1.) Craver, in response to a defense hypothetical, could not say with confidence that appellant's BAC was .08 percent or greater at time of driving because it takes 30 to 45 minutes for the body to fully absorb alcohol and the BAC tests were not taken 30 to 40 minutes apart. The trial court denied the motion to dismiss, finding there was additional evidence that appellant was driving with a BAC of .08 percent or greater. The evidence included appellant's erratic driving pattern, his statements to the officers, the objective signs of alcohol intoxication, the failed field sobriety tests, and the Alco- Sensor BAC tests. Although appellant did make statements that supported a rising BAC defense, it was up to the jury to determine whether those statements were true. "I do think a reasonable juror could convict under both counts [based on] the evidence that's currently . . . being presented. So [the] 11[1]8.1 motion is denied."

"A motion under [Penal Code] section 1118.1 seeks a *judgment of acquittal* for insufficient evidence. . . . [¶] In ruling on an 1118.1 motion for judgment of acquittal, the court evaluates the evidence in the light most favorable to the prosecution. If there is any substantial evidence, including all inferences reasonably drawn from the evidence, to support the

4

elements of the offense, the court must deny the motion. [Citations.] In considering this legal question, 'a court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' [Citation.] Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [Citation.]' [Citation.]" (*Porter v. Superior Court* (2009) 47 Cal.4th 125, 132.) Because the standard of review is like a sufficiency of the evidence appeal, we do not determine the facts. (*People v. Houston* (2012) 54 Cal.4th 1186, 1215.) Nor is it our function to reweigh the evidence or reevaluate witness credibility. (*Ibid.*)

Appellant argues that count 2 should have been dismissed because his BAC was still rising and may have been less than .08 percent at time of driving. That was a factual issue for the jury to decide and much of it hinged on appellant's credibility. The prosecution's case was compelling. Two officers observed appellant weave in and out of his traffic lane, drive on the road shoulder, and hit the curb with his tire. Appellant exhibited the classic signs of alcohol intoxication, urinated in his pants, and said he consumed five beers and should not be driving. Appellant's alcohol impairment was confirmed by the field sobriety tests and Alco-Sensor tests which registered a BAC of .09 percent or greater less than 20 minutes after the traffic stop. Based on the evidence presented, the trial court did not err in denying the motion to dismiss count 2.

*Rebuttal Expert Testimony*

Appellant complains that the prosecution, on rebuttal, asked Craver to make a retrograde extrapolation of appellant's

BAC based on the assumption that appellant starting drinking at 5:00 p.m. "'The trial court [had] broad discretion to determine the admissibility of rebuttal evidence and, absent palpable abuse, an appellate court may not disturb the trial court's exercise of that discretion.' [Citations.]" (*People v. Landry* (2016) 2 Cal.5th 52, 117.) The jury was instructed: "[J]ust because counsel asked an expert to assume a certain factor, that doesn't necessarily mean it's proved during the trial."

Craver was asked to calculate appellant's BAC if he started drinking at 5:00 p.m. and drank the last beer between 12:17 a.m. and 1:00 a.m. Craver assumed the last beer had not been absorbed when appellant was stopped. Applying a conservative BAC "burn-off" rate of .015 percent per hour for the alcohol already absorbed, Craver opined that appellant's BAC was .085 percent at 1:23 a.m. Assuming that appellant consumed two drinks just before driving, Craver calculated the BAC would be less than .08 percent at time of driving, a scenario that favored the defense.

The testimony was proper to rebut appellant's self-serving statements that he sat in the bar for four hours before drinking the first beer. The retrograde extrapolation showed that changing the drinking pattern did not significantly change appellant's BAC. The jury was instructed that a hypothetical question is not evidence and "[i]t is up to you to decide whether an assumed fact has been proved. If you conclude that an assumed fact is not true, consider the effect of the expert's reliance on that fact in evaluating the expert's opinion." (CALCRIM No. 332.)

*CALCRIM Nos. 2110 and 2111 - Permissive*
*Inference Instructions*

Appellant argues that the CALCRIM Nos. 2110 and 2111 permissive inference instructions violated his due process rights by reducing the prosecution's burden of proof. The jury was instructed that it could infer that a person is under the influence of alcohol if his or her BAC is .08 percent or higher. (CALCIM No. 2110.) CALCRIM No. 2111 instructed it could infer that appellant drove with a BAC of .08 percent or more if a blood sample taken within three hours of driving revealed a BAC of .08 percent or more. The instructions are based on sections 23152 and 23610 which permit the trier of fact to draw a factual inference based on the proof of another fact. (*People v. Beltran* (2007) 157 Cal.App.4th 235, 241-243, fns.5 & 7 (*Beltran*).)

Citing *Coffey*, *supra*, 60 Cal.4th 1198, appellant argues that a permissive inference unfairly skews the evidence in favor of the prosecution. *Coffey* was an administrative license suspension case in which section 23152, subdivision (b)[2] created the rebuttable presumption that the driver had a BAC of .08 percent. (*Coffey*, at pp. 1209-1210.) Coffey's expert testified that Coffey's BAC was rising and that her BAC was less than 0.08 percent at time of driving. Our Supreme held that "Vehicle Code section 23152's presumption will apply unless the driver presents evidence which, *if believed*, 'would support a finding of [the]

---

[2] Vehicle Code section 23152, subdivision (b) provides in pertinent part: "In any prosecution under this subdivision, it is a rebuttable presumption that the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of driving the vehicle if the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of the performance of a chemical test within three hours after the driving."

7

nonexistence of" (Evid. Code, § 604) the presumed fact." (*Coffey*, at p. 1210.) "[I]f evidence sufficient to negate the presumed fact is presented, the 'presumption disappears' [citation] and 'has no further effect' [citation], although 'inferences may nevertheless be drawn from the same circumstances that gave rise to the presumption in the first place' [citations]." (*Ibid*; cf. *Beltran*, *supra*, 157 Cal.App.4th at pp. 246-247 [prejudicial error to instruct jury on permissive inference where experts on both sides agree blood alcohol is rising at time of first alcohol screening test].)

*Beltran* is inapposite because "the permissive inference was the sole evidence used to convict" (*Beltran*, *supra*, 157 Cal.App.4th at p. 245) and there was no other evidence on which the jury could have concluded the defendant had a BAC of .08 percent at time of driving. Craver, on cross-examination, agreed that appellant's BAC would be rising if it was theoretically below .08 percent at 1:10 a.m. and appellant gulped down the last beer 10 minutes before he was stopped. But that is of no consequence in determining whether the CALCRIM Nos. 2110 and 2111 instructions violated appellant's due process right to a fair trial. "[T]he presence of conflicting evidence on the predicate question of whether there is sufficient evidence to trigger the inference instructions does not preclude giving the instructions. If a jury finds the predicate facts not true, it will not apply the inferences. And even if it finds the predicate facts true, it is not *compelled* to apply the inferences, which are wholly permissive." (*People v. Yushchuk* (2018) 28 Cal.App.5th 120, 129.)

CALCRIM Nos. 2110 and 2111 instruct on permissive inferences, not mandatory inferences. It is an important legal distinction. (*Beltran*, *supra*, 157 Cal.App.4th at p. 243.)

8

"[P]ermissive inferences do not shift the burden of production or lower the prosecution's burden of proof. Because they may or may not be drawn by the jury, they do not operate in an unconstitutionally pernicious manner. For these reasons, [CALCRIM No. 2111] may be given regardless of whether there is other evidence admitted at trial 'rebutting' the inference." (*Beltran*, at p. 244.)

Appellant argues that his BAC could have been below .08 percent when he left the bar. Substantial evidence review requires that the evidence be substantial, real and of ponderable legal significance, as opposed to metaphysical, speculative, theoretical, or hypothetical. (See *Conservatorship of the Person of O.B.* (2020) 9 Cal.5th 989, 1006.) The jury received a wide spectrum of evidence to find, beyond a reasonable doubt, that appellant's BAC was .08 percent or more at time of driving and that he was too intoxicated to drive. Appellant said as much to the officers.

Appellant's remaining arguments have been considered and merit no further discussion.

*Disposition*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

9

Ferdinand Inumerable, Judge

Superior Court County of Ventura

_____

Bases & Bases and Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Steve Oetting, Supervising Deputy Attorney General, Paige B. Hazard, Deputy Attorney General, for Plaintiff and Respondent.