Filed 3/25/22  P. v. Gonzales CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077468 |
| v. | (Super.Ct.No. FSB19002256) |
| TOMMY GLEN GONZALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Affirmed in part; reversed in part and remanded with directions.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Acting Assistant Attorney General, Paige B. Hazard and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Tommy Glen Gonzales was convicted by a jury of assault by means likely to cause great bodily injury. (Pen. Code, § 245, subd. (a)(4).)[1] He was sentenced to the upper term of four years and a consecutive term of three years for a great bodily injury enhancement. (§ 12022.7, subd. (a).) On appeal, Gonzales contends he is entitled to remand for resentencing under Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567), effective January 1, 2022, which requires the trial court to impose a term of imprisonment not exceeding the middle term unless (1) aggravating circumstances have been established by stipulation or found true beyond a reasonable doubt at trial, or (2) the defendant has suffered prior convictions as established by certified records. (§ 1170, subd. (b), as amended by Sen. Bill 567, Stats. 2021, ch. 731, § 1.3.) The People concede, and we agree, that Gonzales's sentence must be vacated, and the matter remanded for further proceedings under Senate Bill 567.

BACKGROUND

On April 25, 2019, Gonzales and two companions were walking to a store when Gonzales suddenly punched one of the companions in the face. The punch caused the victim to sustain a broken jaw, broken and lost teeth, fractured cheekbones, and permanent nerve damage around the bottom of his chin.

After a jury trial, Gonzales was found guilty of assault by means likely to produce great bodily injury. (§ 245, subd. (a)(4).) The jury also found true an

---

[1] All undesignated statutory sections are to the Penal Code.

2

allegation that he personally inflicted great bodily injury during the assault. (§ 12022.7, subd. (a).)  In July 2021, the court sentenced Gonzales to a seven-year term, consisting of the four-year upper term for the assault and three years for the enhancement.  The court imposed the upper term upon finding that the violent attack was unprovoked and took the victim by surprise.  The court further stated that Gonzales had a prior assault in 2017, also in violation of section 245, subdivision (a)(4).  Additionally, the court noted that Gonzales had a lengthy record, including prior terms of probation where probation was revoked multiple times.

## DISCUSSION

The parties agree, as do we, that Gonzales may be resentenced under Senate Bill 567.  We reject Gonzales's contention that allowing the People to seek an upper term under the terms of the new law would constitute double jeopardy.

At the time Gonzales was sentenced, section 1170, subdivision (b), gave the trial court discretion in selecting a lower, middle, or upper term after considering the record, the probation officer's report, and other evidence.  (Former § 1170, subd. (b) ["The court shall select the term which, in the court's discretion, best serves the interests of justice."].)

Under Senate Bill 567, the trial court must now impose a term of imprisonment not exceeding the middle term unless (1) aggravating circumstances have been established by stipulation or found true beyond a reasonable doubt at trial, or (2) the defendant has suffered prior convictions as established by certified records.  (§ 1170, subd. (b), as amended by Sen. Bill 567, Stats. 2021, ch. 731, § 1.3.)  The new law

3

generally allows for a bifurcated trial on these aggravating circumstances. (§ 1170, subd. (b)(2) ["Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements."].)

We accept the People's concession that the amendments to section 1170 apply retroactively here because the judgment was not yet final when the amendments went into effect and there is no indication that the Legislature intended the amendments to only apply prospectively. (See *People v. Flores* (2022) 75 Cal.App.5th 495, 500; *In re Estrada* (1965) 63 Cal.2d 740, 745-746 [when the Legislature lessens the penalty for a crime, an inference arises that it intended the lighter penalty to apply provided the judgment is not final]; *People v. Frahs* (2020) 9 Cal.5th 618, 628-629 [*Estrada's* retroactivity rule applies to statutes that make a reduced punishment possible].)

The People contend that upon remand, the district attorney should be given an opportunity to seek an upper term under the new law. The People note that the district attorney was under no obligation to comply with the requirements of the amended version of section 1170, subdivision (b)(2), at the time of Gonzales's trial or at sentencing. Gonzales contends that giving the People this option on remand would violate his constitutional right against double jeopardy.

"The double jeopardy clauses of the Fifth Amendment to the United States Constitution and article I, section 15 of the California Constitution guarantee that a

4

person may not be placed twice 'in jeopardy' for the 'same offense.'  [Citation.]  'The double jeopardy bar protects against a second prosecution for the same offense following an acquittal or conviction, and also protects against multiple punishment for the same offense.' " (*People v. Seel* (2004) 34 Cal.4th 535, 541-542.)

Double jeopardy does not preclude the People from seeking the upper term here.  Not only has there been no finding that Gonzales committed any aggravating circumstance beyond a reasonable doubt, even if there were such a finding, " 'a defendant's conviction of the underlying substantive offense does not (on double jeopardy grounds) bar further proceedings, such as retrial, on a penalty allegation.' " (*Porter v. Superior Court* (2009) 47 Cal.4th 125, 137.)  As well, Gonzales will not be subject to "more severe punishment" on resentencing than the punishment that he originally received.  (*People v. Hanson* (2000) 23 Cal.4th 355, 357.)  Moreover, in other contexts, courts have held that the prosecution has a due process right to notice and an opportunity to be heard at a resentencing hearing by presenting evidence on an issue on which it has the burden of proof.  (See *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1297-1298 [three strikes law].)  Thus, on remand, the district attorney may seek an upper term sentence in compliance with the amended statute.

## DISPOSITION

Gonzales's sentence is vacated, and the matter is remanded for resentencing. Before resentencing, the trial court shall give the People an opportunity to elect whether to proceed with proving circumstances in aggravation or to accept

5

resentencing on the current record, applying the newly enacted provisions of section 1170, subdivision (b).  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

FIELDS
Acting P. J.

MENETREZ
J.