Filed 4/27/21  P. v. Wilson CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B302675 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA105002) |
| v. | |
| WILLIAM EARL WILSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard R. Romero, Judge.  Affirmed.

Kelly C. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

William Earl Wilson was convicted following a jury trial of voluntary manslaughter (Pen. Code, § 192, subd. (a)).  In his initial appeal we held the trial court had applied an incorrect standard in denying Wilson's motion for a new trial and remanded the matter with directions to rehear the motion.  (*People v. Wilson* (May 13, 2019, B285594) [nonpub. opn.].)  On remand the trial court again denied Wilson's motion.  No arguable issues have been identified following review of the record by Wilson's appointed appellate counsel or our own independent review.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Wilson's Conviction and New Trial Motion*

Our prior opinion discusses in detail the evidence presented at trial.  In brief, Wilson killed Jacob Howard by inflicting a two-inch deep knife wound below Howard's collar bone.  The wound proved fatal because it cut the subclavian artery, which led to rapid blood loss.

The prosecution's theory was that, even if Howard had been the initial aggressor, given their large differences in age, body weight and height, Wilson was easily able to overpower Howard.  At that point, Wilson became the aggressor and did not act in self-defense.  The prosecution played for the jury the 911 emergency call during which, among other things, Wilson stated that somebody had attempted to stab him, so he "stabbed back."  The prosecution also offered the testimony of eyewitness Bunnie McMillian in whose apartment the fatal altercation took place.  McMillian testified he woke up in the middle of the night to the sound of thumping noises.  When he walked into the hallway and looked into the living room, he saw Howard slumped down on a chair with Wilson on top of him.  Wilson had both of his hands on

2

Howard's collarbone, pushing him forward. McMillian attempted to pull Wilson off, but Wilson leaned forward in an effort to stay on top of Howard.

Wilson testified in his own defense. He woke up in the middle of the night and saw Howard coming toward him with a knife. Wilson acted in self-defense as the two men struggled. He remained on his knees for most of the struggle. While on his knees and wanting to scare Howard, Wilson turned the knife toward him and said, "[T]his is how you do it." At this point the two men lost their balance. Howard fell, landing with his body and legs over an ottoman and his head on the cushion of the chair. Wilson fell on top of him. Wilson testified he did not realize Howard had been stabbed until he stood up.

Wilson moved for a new trial after the jury convicted him of voluntary manslaughter, arguing the evidence established he had used proportional force in repelling an attack that may have cost him his life and had unintentionally caused Howard's death while acting in self-defense. After hearing argument the trial court denied Wilson's motion, explaining, "There were issues that were properly litigated before the jury, and the jury decided it was not self-defense. And it's not appropriate for me to substitute my judgment for theirs. The evidence did support a conviction for voluntary manslaughter, so the motion is denied."

2. *Wilson's First Appeal*

On appeal we reversed the order denying the motion for new trial, holding the trial court had erred in deferring to the jury's verdict and failing to independently review the evidence, citing and quoting, among other authority, *Porter v. Superior Court* (2009) 47 Cal.4th 125, 133: "'The court extends no evidentiary deference in ruling on [a Penal Code section] 1181(6)

3

motion for new trial. Instead, it independently examines all the evidence to determine whether it is sufficient to prove each required element beyond a reasonable doubt *to the judge*, who sits, in effect, as a "13th juror."'" (*People v. Wilson*, *supra*, B285594.)

3. *The Trial Court's Ruling on Remand*

On remand the prosecution filed an opposition to Wilson's motion for a new trial. The record does not reflect any additional briefing filed by Wilson.

Following argument by counsel, the court denied the motion. "As an independent 13th juror judging the credibility and the quality of the evidence," the court "would have found and do[es] find the defendant guilty of the charge that was found by the jury . . . ." The court did not believe Wilson's testimony to the extent it conflicted with McMillian's testimony. While Wilson may have been asleep and attacked first, the court found he had overpowered Howard and was in control of the situation. This version of events was supported by the evidence that Wilson "easily [was able] to turn that knife around and to tell the victim 'if you're going to stab someone, this is how you do it.'" The court observed the knife cut was "ostensibly a minor wound" but that Wilson had exerted other force against Howard, including force to overcome Howard's resistance.

Wilson timely appealed.

## DISCUSSION

We appointed counsel to represent Wilson on appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Wilson on July 27, 2020 that he could personally submit a brief or letter raising any grounds of appeal, contentions or arguments he wanted this court to consider within

4

30 days.  We provided a similar notice to Wilson on July 28, 2020.
We have received no response.

We have examined the record and are satisfied appellate
counsel for Wilson has complied with counsel's responsibilities,
and there are no arguable issues.  (*Smith v. Robbins* (2000)
528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-
119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.